■ Air New York, Inc., Appellant, v Alphonse Hotel Corp. et al., Respondents. — Appeal from an order of the Supreme Court at Special Term (Kahn, J.), entered May 1, 1981 in Albany County, which vacated a default judgment obtained by plaintiff against defendants on November 13, 1980. This is an action for breach of contract and willful tort which plaintiff instituted on June 17, 1980 by service of a summons with notice on defendant Teresa Aviation Co., Inc., through the Secretary of State. A notice of appearance was served on behalf of all the defendants on July 7, 1980, and a verified complaint was then served by mail on defendants' attorney on September 18, 1980. In response, defendants served a verified answer by mail on October 14, 1980, and it was received by counsel for plaintiff on October 17, 1980. Three days later, by correspondence dated October 20, 1980, plaintiff's counsel rejected the answer upon the ground that it was not properly verified, and then on November 13, 1980 plaintiff obtained a default judgment against defendants based upon their alleged failure to serve a properly verified answer. Subsequently, on November 25, 1980, defendants obtained an order to show cause directing plaintiff to show cause why the subject default judgment should not be vacated, and ultimately, in the order from which plaintiff now appeals, Special Term vacated the judgment. We hold that the challenged order should be affirmed. Pursuant to CPLR 3022, a party may treat a defectively verified pleading as a nullity "provided he gives notice with due diligence to the attorney of the adverse party that he elects so to do", and the term "due diligence" as used in the statute has been interpreted to mean notice given immediately (see Matter of Ladore v Mayor & Bd. of Trustees of Vil. of Port Chester, 70 AD2d 603; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3022:2, p 396) or at least within 24 hours of the receipt of a defective pleading (Matter of O'Neil v Kasler, 53 AD2d 310). Here, plaintiff delayed three days before giving notice of its rejection of the allegedly defective answer, and its position is not strengthened by reliance on section 25-a of the General Construction Law which applies not to the circumstances presented here, but rather to instances where a specific computable time period for the performance of an act is established by statute. Under all the circumstances presented, the court correctly concluded that plaintiff had waived its objection to the allegedly defective verification, and, accordingly, the default judgment based upon the verification was properly vacated. Order affirmed, with costs. Main, J. P., Casey, Yesawich, Jr., Weiss and Levine, JJ., concur.