■ CARL A. BERGMAN et al., Appellants, v SAUL HORNE, as Assessor of the Town of Pound Ridge, et al., Respondents. — In two proceedings pursuant to article 7 of the Real Property Tax Law, petitioners appeal (1) from an order of the Supreme Court, Westchester County (Sullivan, J.), entered September 17, 1982, which denied their motion, *inter alia,* for an order deeming their petitions to review tax assessments for the tax years 1977 and 1978 to be in compliance with section 706 of the Real Property Tax Law, and granted respondents' cross motion to dismiss the petitions; and (2) as limited by their briefs, from so much of an order of the same court, entered December 10, 1982, as, upon reargument, adhered to its original determination. ¶ Appeal from the order entered September 17, 1982, dismissed, without costs or disbursements. Said order was superseded by the order entered December 10, 1982. ¶ Order entered December 10, 1982, modified by, upon reargument, granting the respondents' cross motion only as to the 1977 petition, and cross motion otherwise denied and the 1978 petition reinstated. As so modified, order affirmed insofar as appealed from, without costs or disbursements. Order entered September 17, 1982, modified accordingly. ¶ By petitions dated October 12, 1977, and October 13, 1978, respectively, petitioners instituted proceedings in the Supreme Court, Westchester County, pursuant to article 7 of the Real Property Tax Law, to review the tax assessments on their properties for the tax years 1977 and 1978, which tax assessments were approved by the Board of Assessment Review of the Town of Pound Ridge. The petitions were verified by the petitioners' counsel. However, the petitions did not include a writing authorizing petitioners' counsel to verify the petitions, as required by section 706 of the Real Property Tax Law. ¶ By notice of motion dated July 30, 1982, petitioners moved, *inter alia,* for an order "deeming the petition to review the assessment filed for the tax years of 1977 and 1978 to be in compliance with and in conformity with the requirements of Section 706". By notice of cross motion dated August 11, 1982, respondents moved for an order "dismissing the petitions * * * for failure to comply with the requirements of

Section 706". ¶ By order entered September 17, 1982, Special Term denied petitioners' motion and granted respondents' cross motion to dismiss the petitions. Special Term concluded that "[p]etitioners are not moving to correct verifications which clearly do not comply with RPTL 706. The petitions cannot be 'deemed' to comply when they clearly do not. In any event, the 1977 proceeding has been abandoned pursuant to RPTL 718 and an order to dismiss could have been entered without notice." ¶ Petitioners filed a timely notice of appeal. ¶ Petitioners thereafter moved to reargue and renew their prior motion. By order entered December 10, 1982, Special Term, upon reargument, adhered to its original determination. The court stated in part that, "[i]t is clear from movant's [sic] papers that this is not simply a case of failure to annex an existing written authorization to the petitions, as required by Section 706 of the Real Property Tax Law. Such written authorization evidently did not and now, even at the time of this motion, does not exist. That the petitioners may have orally authorized counsel to bring these proceedings is not sufficient to comply with the statute." ¶ Petitioners filed a timely notice of appeal from this order, too. ¶ Subdivision 2 of section 706 of the Real Property Tax Law in relevant part provides that a proceeding to review an assessment shall be founded upon a petition duly verified by "the petitioner, an officer thereof, or by an agent thereof who has been authorized in writing to verify and file such petition and whose authorization is made a part of such petition". ¶ Petitioners concede that for the years 1977 and 1978, the authorization required by the statute was not filed with the petitions. Nevertheless, they argue, inter alia, that the omission was a mere technical defect which should not operate to bar the proceedings. Respondents argue that the defect was not merely technical but, rather, was jurisdictional in nature, thereby requiring dismissal of the petitions. We agree with petitioners. ¶ In Grant Co. v Srogi (52 NY2d 496, 513), the Court of Appeals stated that "because the Real Property Tax Law relating to assessment review is remedial in character, it should be construed in such a way that the taxpayer's right to have his assessment reviewed and the appropriate relief granted should not be defeated by a pleading technicality". ¶ Consistent with this statement, the Appellate Division, Fourth Department, made the following observations in Matter of Raer Corp. v Village Bd. of Trustees (78 AD2d 989, mot for lv to app dsmd 53 NY2d 677): "Although in construing such statutes [as RPTL 706] the courts have stated that basic compliance therewith is jurisdictional, they have rules in general that if a complaint or a reasonable substitute therefor has been timely filed with the review board, that gives jurisdiction, and that other requirements are procedural and may be supplied by amendment or may be deemed waived by action of the board." ¶ In a similar vein, the Appellate Division, Fourth Department, in Matter of Batavia Enterprises v Assessor of Town of Batavia (72 AD2d 912), held that failure to comply with subdivision 1 of section 704 of the Real Property Tax Law did not deprive the court of subject matter jurisdiction to entertain the petition. The failure consisted of a defective notice which provided for a return date less than the 20 days required by the statute. The court concluded that (pp 912, 913) "the defects were not jurisdictional in nature, since the requisite jurisdiction had been acquired by timely service of the petition and notice. The defect was at most an irregularity resulting through inadvertence on the part of petitioner's attorney in asserting a premature return date." ¶ In our view, the verification requirement of section 706 is "a matter of form that can be later amended to conform with the statutory mandate where no substantial prejudice has occurred from the irregularities therein" (Lee & Le Forestier, Review and Reduction of Real Property Assessments In New York, § 3.06, pp 118-119; cf. Matter of Ferro v Lavine, 46 AD2d 313, 318; Matter of Sardino v Finch, 35 AD2d 686 [the failure

to file a verified petition, as required by CPLR 7804 (subd [d]) does not constitute a jurisdictional bar to an article 78 proceeding, but, rather, a technical defect which may be ignored in the absence of a timely objection and prejudice]). ¶ We also conclude that CPLR 3022 controls the circumstances at bar (see CPLR 101; 24 Carmody-Wait 2d, NY Prac, § 146.5; cf. *Matter of City of Albany,* 253 App Div 436, 440; *People ex rel. Staten Is. R. T. v Taylor,* 247 App Div 405, 408). ¶ A verification which does not comply with the requirements of section 706 of the Real Property Tax Law is defective. In accordance with CPLR 3022, respondents could have treated the defectively verified petition as a nullity provided they gave notice "with due diligence" to petitioners' attorney. By waiting at least four years to move to dismiss the petitions on the ground that petitioners failed to comply with the requirements of section 706 of the RPTL pertaining to verifications, respondents waived their objection to the defective verifications (see *Air N. Y. v Alphonse Hotel Corp.,* 86 AD2d 932; *Matter of Nafalski v Toia,* 63 AD2d 1039, 1040). Moreover, no prejudice to respondents appears in the record, nor is any alleged. Special Term therefore erred in dismissing the petitions on the ground that they ran afoul of section 706 of the Real Property Tax Law. ¶ However, we agree with Special Term that the 1977 proceeding was abandoned and that the petition for that tax year should be dismissed, pursuant to section 718 of the Real Property Tax Law. As to that proceeding, no note of issue was filed and the proceeding was not placed on the court calendar within four years from the date of the service of the petition or petition and notice. Moreover, no stipulation was entered into between the parties concerning the four-year limitation nor did petitioners obtain an order from a court or Judge to avoid dismissal. The justifications proffered for petitioners' failure to comply with this section, in our view, are not availing. ¶ In *Matter of Waldbaum's #122 v Board of Assessors* (58 NY2d 818, 819-820), the Court of Appeals made the following observations about section 718 of the Real Property Tax Law: "Petitioners' failure to file a note of issue within four years from service of the 1977 petition or to obtain a stipulation or court order within the four-year period extending its time for filing required dismissal of that petition. Not only is section 718 of the Real Property Tax Law phrased in mandatory terms * * * [but] both its wording and its legislative history demonstrate the intention * * * *'to have the rule rigidly applied irrespective of any and all circumstances'*" (emphasis added). ¶ With regard to the 1978 proceeding, Special Term did not rely on abandonment as an additional ground for dismissal, and, indeed, the record before us does not shed any light on that issue. As such, we express no view as to whether or not the 1978 petition should be dismissed as abandoned pursuant to section 718 of the Real Property Tax Law. Mollen, P. J., Gibbons, Thompson and Rubin, JJ., concur.