*124 OPINION OF THE COURT
Simons, J.
Petitioner is the owner of real property in Valley Stream, New York, known as the Green Acres Shopping Center. It has instituted several proceedings pursuant to Real Property Tax Law article 7 seeking a reduction in the land assessments on the several parcels making up the shopping center property for the tax years 1967/1968 through 1977/1978. In 1982 it moved to amend the petitions requesting, along with other relief, permission to allege error in the assessed value of lots not previously protested and in the assessed value of improvements on lots that had been protested. Special Term denied that relief, holding that it lacked jurisdiction to permit amendment of the petitions to add a challenge to lot or improvement assessments which had not been protested previously during the statutory period for administrative review. The Appellate Division affirmed, with one judge dissenting (104 AD2d 599). On this appeal petitioner presses only the court’s ruling denying amendment to add a challenge to the assessed value of the improvements. The issue is whether the court may amend petitions alleging error in the assessed value of land only, based on protests similarly limited, to permit petitioner to add to them requests for reductions in unprotested assessments on the improvements. Petitioner also seeks amendment of the ad damnum clauses to reflect the reduction sought because of the challenge to the assessments on the improvements.
There should be an affirmance. There is a clear distinction between a motion to amend a petition to correct or clarify misstatements or misjudgments with respect to property duly protested and before the court (see, Grant Co. v Srogi, 52 NY2d 496) and a motion to amend a pleading, in this case as much as 15 years after the time to protest has passed, to permit new and different relief for an injury not previously protested or asserted in the petition. Grant and similar decisions permit amendment in the former case but not in the latter. In this case, petitioner sought to amend its pleadings to obtain new and different relief based upon injuries not previously protested. The court was without authority to grant that amendment (see, Matter of City of Little Falls v Board of Assessors, 68 AD2d 734, 738-740; see also, Matter of City of Albany v Assessors of Town of Coeymans, 253 App Div 436; cf. People ex rel. Long Is. R. R. Co. v State Bd. of Tax Commrs., 231 NY 221).
It is scarcely necessary to recite the importance of the assessment process to the fiscal operation of municipalities. Real prop *125 erty taxation provides the major source of municipal revenues and departmental appropriations are necessarily dependent on the funds available. The share which each taxpayer must contribute to support these expenses varies with the assessment placed on his property. Thus, the taxpayer and the municipality have a palpable interest in the amount and accuracy of individual assessments and the municipality has an additional incentive to resolve disputes concerning them as promptly as possible so that the roll may be stabilized and tax rates established (see generally, Lee and LeForestier, Review and Reduction of Real Property Assessments § 1:01, at 1 [I960]). To that end the Legislature has imposed detailed requirements on the assessors to conduct an orderly assessment process and specific conditions on the procedure by which aggrieved taxpayers obtain administrative and judicial relief. The responsibility rests upon the assessors to investigate and establish a proper roll, but once it is complete it is presumed to be accurate and free of error. If the taxpayer contends otherwise, then the burden is upon him to explain why his property is unfairly valued so that corrections can be made. The review and adjustment process, if adjustment is appropriate, permits the assessors to close the tax roll and establish the tax rate with some confidence that the revenues produced by the levy will be sufficient to meet budget requirements. To facilitate their determination of protests and correction of the roll, the assessors may require the taxpayer to testify before them and submit evidence of value (Real Property Tax Law § 525 [2]; Matter of Grossman v Board of Trustees, 44 AD2d 259, 263). Manifestly, this administrative review procedure is not intended to be an idle exercise. It is designed to seriously address claimed inequities and adjust them amicably if it is possible to do so. If the procedure is to work at all, and it is important that it should to limit litigation in these postHellerstein days of widespread revaluation (see, Matter of Hellerstein v Assessor of Town of Islip, 37 NY2d 1), it is essential that sufficient facts detailing the taxpayer’s complaint be presented to the assessors so that realistic efforts at adjustment can be made. Not incidentally, the grievance process also permits the municipality to determine the nature of the taxpayer’s claim and narrow the area of dispute if the claim does result in litigation (cf. General Municipal Law § 50-e et seq.). An action seeking judicial review of the assessment as finally fixed is barred, however, if the proceeding is not filed within 30 days after the roll becomes final (Real Property Tax Law § 702 [2]; Nassau County Administrative Code §§ 6-17.0, 6-17.2, 6-17.3; see, Matter of Mayflower Realty *126 Corp. v Tax Commn., 14 NY2d 640; People ex rel. Northchester Corp. v Miller, 288 NY 163).
Because of the important purposes to be served by administrative review, the Legislature has specified that protest is a condition precedent to a proceeding under Real Property Tax Law article 7 by providing that a petition seeking review "must show that a complaint was made in due time to the proper officers to correct such assessment” (Real Property Tax Law § 706 [2]). Failure to comply with that requirement requires dismissal of the aggrieved taxpayer’s petition (Matter of Raer Corp. v Village Bd. of Trustees, 78 AD2d 989; see also, Matter of City of Little Falls v Board of Assessors, 68 AD2d 734, 738-740, supra; Matter of City of Albany v Assessors of Town of Coeymans, 253 App Div 436, supra; compare, Matter of Rokowsky v Finance Administrator, 41 NY2d 574, 577).
The contents of the protest are set forth in the Real Property Tax Law. At all times relevant to this appeal, section 512 (1) required complainants to file with the Board of Assessors "a statement * * * specifying the respect in which the assessment complained of is illegal, erroneous or unequal” (emphasis added).[1] Similarly, section 706 required that "[a] proceeding to review an assessment shall be founded upon a petition duly verified setting forth that the assessment is illegal, specifying the grounds of the alleged illegality, or if erroneous by reason of overvaluation, stating the extent o/such overvaluation, or if unequal in that the assessment has been made at a higher proportionate valuation than the assessment of other real property on the same roll by the same officers, and stating that the petitioner is or will be injured thereby” (Real Property Tax Law § 706; emphasis added). In short, the taxpayer must tell the assessors what assessment he protests and why it is wrong.
The petitioner in this case complained only of the overvaluation of its land, specifically limiting the protest in two places on the application to land assessments. Although the form contained *127 printed questions addressed to the value of the improvements, there was no suggestion in petitioner’s answers to those questions that the assessed value of the improvements were disputed. Manifestly, the improvements constituted the greater part of the claims, and it was futile for the parties to go through the adjustment process without petitioner acknowledging that it intended to claim error with respect to them. According to Special Term’s calculations, if the requested relief is granted it would result in a 75% reduction in the total assessment, and a 92% reduction in the building assessment, whereas the original protest and pleadings requested only a 14% reduction in total assessment based upon alleged errors in the assessments of the land. Notwithstanding petitioner’s clear specification that it limited its protest to "land only”, counsel asserts that the error in failing to challenge the improvement assessments resulted from oversight. It appears from the record, however, that some of petitioner’s original protests did challenge both land and improvements. Inasmuch as petitioner failed to protest the improvements on the lots here in question, the court was without authority to permit amendment of the petitions to add them.[2]
Recent decisions liberalizing pleading requirements, which petitioner relies on, are inapposite. We have permitted amendment of a petition after the Statute of Limitations has run if the change corrects a defect in form rather than adds a matter of substance because the taxpayer’s right to review should not be defeated by technicalities (see, Grant Co. v Srogi, 52 NY2d 496, 513, supra; Matter of Great E. Mall v Condon, 36 NY2d 544; see also, Bergman v Horne, 100 AD2d 526; Matter of Batavia Enters. v Assessor of Town of Batavia, 72 AD2d 912). An application to add unprotested property, either lots or improvements, to a petition seeking review of the assessment of selected lots of this multimillion dollar shopping center hardly falls within the classification of a technical or unsubstantial error, however. Nor is there any basis to hold that because the petitioner challenged the land valuation, thus requiring the county to defend the entire assessment, respondent received adequate and actual notice of petitioner’s dissatisfaction with the improvement valuations as well. It is not enough to protest; the nature of the grievance must be fairly particularized. When petitioner’s protests indicated the challenge was to land only, respondent could reasonably rely on petitioner’s *128 apparent waiver of any claim concerning the assessment of the improvements and treat them as conceded.
Finally, petitioner contends that the lower courts’ decisions in this case were premised on erroneous conclusions of law, namely that two reviewable assessments, one for land and one for improvements, were at issue. It claims that the only subject for judicial review is the propriety of the total assessment and thus the courts erred in finding petitioner had implicitly conceded the valuation of the improvements. As we recently explained, however, "[i]n the process of the review of the total assessments the courts are authorized and may be expected to make separate factual determinations as to the value properly to be assigned to the land and the value properly to be assigned to the building * * * These are factual findings to be made on the basis of the proof in the record * * * the only restriction on the judicial determination is that the total assessment it fixes cannot exceed the total assessment under review” (Matter of Shubert Org. v Tax Commn., 60 NY2d 93, 97). A factual determination concerning the value of petitioner’s improvements, therefore, could properly be based on the county’s assessment of value as impliedly accepted by the petitioner. Such implied acceptance operates much like a stipulation of facts. Thus, the fixing of the buildings’ value at that figure assessed by the county was not error as a matter of law (cf. Matter of Shubert Org. v Tax Commn., supra, at p 97).
Accordingly, the order of the Appellate Division should be affirmed, with costs, and the certified question answered in the affirmative.
Chief Judge Wachtler

. In 1982 a comprehensive amendment of the statute was undertaken and the provisions relating to administrative review collected in title 1-A (L 1982, ch 714, § 5). The revision was intended to clarify the provisions of the statute and, among other things, "lighten the burden of assessors” (1982 NY Legis Ann, at 237). The pertinent language of section 512 (1) is now found in section 524 (3) and provides: "3. A complaint with respect to an assessment shall be on a form prescribed by the state board and shall consist of a statement specifying the respect in which the assessment is excessive, unequal or unlawful * * * and the reduction in assessed valuation * * * sought.”
Section 706 was also amended in 1982 without change in meaning (L 1982, ch 714, §13).

. Inasmuch as each year’s assessment is a new assessment, petitioner may protest the improvement assessments in future years (Matter of Woolworth Co. v Tax Commn., 20 NY2d 561).