■ In the Matter of MAX ROTBLIT, Respondent, v BOARD OF ASSESSORS AND/OR BOARD OF ASSESSMENT REVIEW OF THE VILLAGE OF RUSSELL GARDENS, Appellant.—In proceedings pursuant to Real Property Tax Law article 7, the Board of Assessors and/or Board of Assessment Review of the Village of Russell Gardens appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (McGinity, J.), dated May 13, 1985, as denied its cross motion for an order dismissing the proceedings brought by the petitioner to review tax assessments for the tax years 1983/1984, 1984/1985 and 1985/1986.

Order affirmed insofar as appealed from, with costs.

The proceedings brought to review the tax assessments on the subject property for the tax years 1983/1984 and 1984/1985 were commenced in the name of Max Rotblit, although that individual had conveyed the subject property to his son and daughter on June 9, 1982. However, one of the record owners executed the authorizations for those petitions.

Under such circumstances, Special Term appropriately deemed the defect in those petitions "technical" rather than "jurisdictional", and permitted the names of the record owners to be substituted for that of Max Rotblit. " 'The Tax Law relating to review of assessments is remedial in character and should be liberally construed to the end that the taxpayer's right to have his assessment reviewed should not be defeated by a technicality' " *(Matter of Great E. Mall v Condon,* 36 NY2d 544, 548, quoting from *People ex rel. New York Omnibus Corp. v Miller,* 282 NY 5, 9). Like an omitted authorization by the petitioner, a defect with respect to the name of the petitioner, where there is proper authorization by the appropriate individual, is a "technical defect which should not operate to bar the proceedings" *(Bergman v Horne,* 100 AD2d 526, 527). The appellant "received 'adequate notice of the commencement of the proceeding', and * * * [no] substantial right of the [appellant] would * * * 'be prejudiced by disregarding the defect' "; and the misnomer may thus be properly cured by amendment of the petitions *(see, National Bank v State Tax Commn.,* 106 AD2d 377, 378).

We further note that, contrary to the appellant's contention, the petition for the tax year 1985/1986 was brought in the name of the record owners. Lazer, J. P., Mangano, Gibbons and Bracken, JJ., concur.