■ In the Matter of TENNANAH LAKE TOWNHOUSE AND VILLA COMMUNITY, INC., Respondent, v TOWN OF FREMONT et al., Appellants. (And 16 Other Related Proceedings.)—Levine, J. Appeal from an order of the Supreme Court (Williams, J.), entered July 10, 1989 in Sullivan County, which, *inter alia,* in 17 proceedings pursuant to RPTL article 7, denied respondents' motion to dismiss the petitions for lack of jurisdiction.

Prior to 1987, petitioner Safeco Management Corporation was the owner of some 947 acres of land in the Town of Fremont, Sullivan County, a portion of which it was in the process of developing as a four-phased planned unit development. When Safeco reached the point of filing a proposed homeowners offering statement with the Attorney-General's office to market the latter property, in order to comply with certain technical requirements for filing it transferred without consideration four newly created lots, representing the four phases of the development, to its wholly owned subsidiary, petitioner Tennanah Lake Townhouse and Villa Community, Inc. It is alleged that this transfer was used by respondent Town of Fremont's assessors to create and reassess 17 new tax map parcels covering not only the property conveyed, but that retained by Safeco, with an aggregate assessment significantly higher than that for all of the same property prior to the new assessments.

Petitioners protested the new assessments by timely filing grievance complaints with the town's Board of Assessment Review (hereinafter the Board) for the 17 individually assessed parcels, claiming that the 1988 assessments were both "unequal" and "excessive". As to seven of the parcels, the complaints listed the estimated value of the properties as "0". In the remaining 10 complaints, the estimated value of the parcels was based generally on the previous year's assessment,

adding thereto the cost of additional improvements, if any, multiplied by the town's alleged equalization rate of 12.66%. The complaints in which the estimated value was designated as zero generally contained explanatory allegations that the property was not improved and was "already included in [the] overall assessment of owner's larger parcels", and/or that the parcel was "already included in the assessment for other property of owner [and] this amounts to double assessment".

The Board denied each of the grievances for the express reason of "Form Not Complete". Petitioners then brought the instant proceedings pursuant to RPTL article 7 to challenge the assessments. Respondents moved to dismiss the petitions for lack of jurisdiction on the ground that petitioners failed to comply with the statutory requirement that their complaints to the Board contain an estimate of the value of the real property (see, RPTL 524 [3]). Respondents appeal from the denial of their motion.

There should be an affirmance. Respondents' basic argument is that the inclusion of the estimated actual value of the assessed property in a grievant's complaint is jurisdictional under RPTL 524 (3) and that, in designating as such value in the complaints either zero value or the prior assessed value based upon an equalization rate of about 12%, petitioners failed to comply in good faith with the statutory mandate, a jurisdictional defect precluding relief under RPTL article 7. We disagree. It has been held repeatedly in the face of objections to the form or sufficiency of grievances and petitions for judicial review of real property tax assessments that "the tax law should be liberally construed to protect a taxpayer's right to have his assessment reviewed and this right should not be defeated by a mere technicality" (Matter of City of Little Falls v Board of Assessors, 68 AD2d 734, 741; see, Grant Co. v Srogi, 52 NY2d 496, 513; People ex rel. Denney v Clark, 257 App Div 905).

In the instant case, there was at least formal compliance with the statutory requirement of RPTL 524 (3) in that each complaint to the Board contained an estimated value of the property in question. Moreover, the grievances clearly set forth sufficient facts to convey to the Board the basic objection petitioners had to the assessment, namely, that the prior assessments adequately and fairly reflected the aggregate value of petitioners' subject properties and that, in creating and then reassessing the 17 new tax map parcels of all of the Safeco properties solely because of a consideration-less transfer of a portion thereof to a wholly owned subsidiary, respon-

dents increased the aggregate tax assessment, resulting in both overvaluation and inequality. Under the foregoing circumstances, we think that there was substantial compliance with the statutory requirements for the form and content of an assessment complaint under RPTL 524, clearly made in good faith, which was sufficient to withstand jurisdictional objections. The Board was put on notice of the nature and factual basis of petitioners' complaints, and it had the opportunity to state its objections to the estimates of value when they could have been corrected, or to have sought more information from petitioners (see, People ex rel. Congress Hall v Ouderkirk, 120 App Div 650, 652; cf., Matter of Grossman v Board of Trustees, 44 AD2d 259). Without this, or any showing of willful nondisclosure by petitioners or prejudice to them, and the complaints being at least formally sufficient, respondents cannot succeed on the grounds that the grievances were jurisdictionally defective or that petitioners failed to exhaust their administrative remedies.

Order affirmed, with costs. Kane, J. P., Casey, Levine, Mercure and Harvey, JJ., concur.