■ In the Matter of DIVI HOTELS MARKETING, INC., Appellant, v BOARD OF ASSESSORS OF COUNTY OF TOMPKINS et al., Respondents. [615 NYS2d 496] —Mercure, J. Appeal from an order of the Supreme Court (Monserrate, J.), entered Septem-

ber 30, 1993 in Tompkins County, which, in a proceeding pursuant to RPTL article 7, *inter alia,* granted respondents' motion to dismiss the petition for lack of standing.

On December 18, 1991 petitioner conveyed property located at 222 South Cayuga Street in the City of Ithaca, Tompkins County, to NB Mercury Properties, Inc. (hereinafter Mercury), a wholly owned subsidiary of Fleet Bank. Thereafter, pursuant to authorization granted by representatives of Fleet Bank, the law firm of Siegel, Fenchel & Peddy, P. C. (hereinafter the law firm) filed an administrative complaint challenging the real property tax assessment on the property for the 1992-1993 tax year. As the result of a misconception on the part of the law firm, the owner of the property was believed to be petitioner rather than Mercury and the administrative complaint was accordingly filed in petitioner's name. Nonetheless, the determination of respondent Board of Assessment Review of the County of Tompkins (hereinafter the Board) denying the administrative complaint was addressed to Mercury at its offices in Rhode Island and identified Mercury as the complainant in the proceeding. The law firm then commenced this RPTL article 7 proceeding on behalf of the owner of the property, again misidentified as petitioner, seeking, among other things, review of the Board's determination and reduction of the assessment on the property. Ultimately, respondents moved to dismiss the proceeding on the ground of petitioner's lack of standing, and petitioner cross-moved for leave to amend the petition to designate Mercury as petitioner and, on the merits, for summary judgment. Supreme Court granted respondents' motion, denied petitioner's cross motion and dismissed the petition. Petitioner now appeals.

Because we conclude that Supreme Court should have granted petitioner's motion to amend the petition and denied respondents' motion to dismiss the petition, we reverse. Adopting a broad and practical view, we see this as a simple matter where a taxpayer engaged counsel to pursue such legal proceedings as may be necessary to effect a reduction of the assessed valuation of the taxpayer's property and, pursuant to the taxpayer's request and authorization, the law firm sought administrative relief and, when unsuccessful, brought the current proceeding for judicial review. The petition in both the administrative and judicial proceedings clearly identified the subject realty by tax map section, block and lot number, thereby permitting precise identification of the owner from respondents' own records, and contained allegations to the effect that the respective matters were being pursued on

behalf of the owner of the property, a party with undeniable standing, pursuant to authority duly granted. Thus viewed, there can be no reasonable question, first, that we are dealing with a mere misnomer and, second, that no prejudice to respondents resulted. Consequently, the amendment should have been permitted (see, Matter of Sterling Estates v Board of Assessors, 66 NY2d 122, 127; Matter of Rotblit v Board of Assessors, 121 AD2d 727; Bergman v Horne, 100 AD2d 526, 527).

As a final matter, the existence of a factual issue concerning the fair market value of the real property precludes a grant of summary judgment in favor of Mercury on the merits.

Mikoll, J. P., White, Casey and Yesawich Jr., JJ., concur. Ordered that the order is reversed, on the law, with costs, respondents' motion to dismiss the petition denied, petitioner's cross motion to amend the pleadings so as to designate NB Mercury Properties, Inc. as petitioner granted, and said petitioner's motion for summary judgment denied.