■ In the Matter of ASTORIA FEDERAL SAVINGS & LOAN ASSOCIATION, Respondent, v BOARD OF ASSESSORS et al., Appellants. [622 NYS2d 551] —In a proceeding pursuant to Real Property Tax Law article 7 to review assessments for purposes of taxation on certain real property for the tax year 1991/1992, the Board of Assessors and Board of Assessment Review of the City of White Plains appeal from an order of the Supreme Court, Westchester County (Palella, J.), entered December 23, 1992, which denied their motion to dismiss the petition.

Ordered that the order is affirmed, with costs.

Astoria Federal Savings & Loan Association (hereinafter Astoria) filed a complaint with the appellants on January 10, 1991, to review the tax assessments on the subject property for the tax year 1991/1992. Astoria submitted with its complaint the necessary written authorization permitting its law firm to initiate a real property tax assessment review on its behalf. However, the authorization did not "bear a date within the same calendar year during which the complaint [was] filed" pursuant to RPTL 524 (3). The appellant Board of Assessment Review of the City of White Plains dismissed the complaint on the ground that the complaint was improper because of the error in the authorization date. Astoria then

commenced this proceeding to review the 1991/1992 tax assessment.

The Supreme Court appropriately deemed the defect in the complaint to be "technical" rather than "jurisdictional", and denied the appellants' motion to dismiss the petition. " 'The only things necessary to the exercise of jurisdiction are that within the time specified a complaint under oath in writing be presented stating the objection and the grounds thereof' " *(Matter of City of Little Falls v Board of Assessors,* 68 AD2d 734, 738, citing *People ex rel. Irving Trust Co. v Miller,* 264 App Div 270, 272).* Contrary to the appellants' contention, defects in the form of the complaint have expressly been held not to be jurisdictional *(see, Matter of Tennanah Lake Townhouse & Villa Community v Town of Fremont,* 168 AD2d 789, 790-791; *Matter of City of Little Falls v Board of Assessors, supra,* at 739-741; *cf., Matter of Sterling Estates v Board of Assessors,* 66 NY2d 122, 127).* The appellants "received 'adequate notice of the commencement of the proceeding', and * * * [no] substantial right of the [appellants] would * * * 'be prejudiced by disregarding the defect' ". The defect may thus be properly cured by submission of a properly dated authorization nunc pro tunc *(see, National Bank v State Tax Commn.,* 106 AD2d 377, 378; *see also, Matter of Rotblit v Board of Assessors,* 121 AD2d 727).* Bracken, J. P., Rosenblatt, O'Brien and Altman, JJ., concur.