[643 NYS2d 594]

In the Matter of FIFTH AVENUE OFFICE CENTER Co., Respondent, v CITY OF MOUNT VERNON et al., Appellants.

Second Department, May 28, 1996

### APPEARANCES OF COUNSEL

*Arthur Gutekunst, Corporation Counsel* of City of Mount Vernon *(Jean Smiertka Huff* of counsel), for appellants.

*Griffin, Coogan & Veneruso, P. C.,* Bronxville *(James M. Coogan* and *Robert W. Wolper* of counsel), for respondent.

### OPINION OF THE COURT

RITTER, J.

We are asked to decide whether a City of Mount Vernon taxpayer who refuses to supply income and expense information to the assessor as required by local law may thereafter challenge its tax assessment by seeking judicial review. We hold that judicial review is not available.

The petitioner is the owner of certain income-producing real property in the City of Mount Vernon. Accordingly, the petitioner is required by City of Mount Vernon Charter § 226-a (1) (Local Laws, 1990, No. 4 of City of Mount Vernon) to file a yearly income and expense statement with the Commissioner of Assessment by February 1st of the succeeding year. This deadline may be extended for up to 30 days for "good cause shown" (City of Mount Vernon Charter § 226-a [1] [D]). Failure to file the statement before the deadline expires mandates that "the Board of Assessment Review shall deny any complaint in relation to the assessment of such property" (City of Mount Vernon Charter § 226-a [4] [A]). Here, it is not disputed that the petitioner failed to file the required income and expense statement for 1992 by the February 1st deadline without requesting an extension. Accordingly, the Board of Assessment Review (hereinafter the Board) declined to review the petitioner's claim that the 1992 assessment of its property was excessive notwithstanding petitioner's offer to supply the missing information for the first time when it sought administrative review before the Board. The petitioner then commenced this proceeding for judicial review pursuant to Real Property Tax Law article 7. The appellants moved to dismiss the proceeding, arguing that the timely filing of an income and expense statement was a "condition precedent" to obtaining a reduction of the tax assessment. We now reverse the Supreme Court's denial of the appellants' motion.

The promulgation of a law requiring a property owner to file an income and expense statement is within the scope of the

authority delegated to cities by Municipal Home Rule Law § 10 (1) (ii) (c) (2) *(see, 41 Kew Gardens Rd. Assocs. v Tyburski,* 70 NY2d 325). Here, the petitioner's failure to comply with such a requirement warrants dismissal of its petition for judicial review of its assessment.

Over a decade ago, the Court of Appeals focused on the importance of the entire assessment review process, stating: "It is scarcely necessary to recite the importance of the assessment process to the fiscal operation of municipalities. Real property taxation provides the major source of municipal revenues and departmental appropriations are necessarily dependent on the funds available. The share which each taxpayer must contribute to support these expenses varies with the assessment placed on his property. Thus, the taxpayer and the municipality have a palpable interest in the amount and accuracy of individual assessments and the municipality has an additional incentive to resolve disputes concerning them as promptly as possible so that the roll may be stabilized and tax rates established * * * To that end the Legislature has imposed detailed requirements on the assessors to conduct an orderly assessment process and specific conditions on the procedure by which aggrieved taxpayers obtain administrative and judicial relief. The responsibility rests upon the assessors to investigate and establish a proper roll, but once it is complete it is presumed to be accurate and free of error. If the taxpayer contends otherwise, the burden is upon him to explain why his property is unfairly valued so that corrections can be made. The review and adjustment process, if adjustment is appropriate, permits the assessors to close the tax roll and establish the tax rate with some confidence that the revenues produced by the levy will be sufficient to meet budget requirements" *(Matter of Sterling Estates v Board of Assessors,* 66 NY2d 122, 124-125; *see also, Young Men's Christian Assn. v Rochester Pure Waters Dist.,* 37 NY2d 371; *Matter of Grossman v Board of Trustees,* 44 AD2d 259, 265; *Matter of Spencer v Mullen,* 84 AD2d 790; Real Property Tax Law § 504 [1]; §§ 505, 506, 516).

Holding that participation in the administrative review process was a condition precedent to judicial review, the Court observed:

"Manifestly, this administrative review procedure is not intended to be an idle exercise. It is designed to seriously address claimed inequities and adjust them amicably if it is possible to do so. If the procedure is to work at all, and it is important that it should to limit litigation in these post-

*Hellerstein* days of widespread revaluation *(see, Matter of Hellerstein v Assessor of Town of Islip,* 37 NY2d 1), it is essential that sufficient facts detailing the taxpayer's complaint be presented to the assessors so that realistic efforts at adjustment can be made. * * *

"Because of the important purposes to be served by administrative review, the Legislature has specified that protest is a condition precedent to a proceeding under Real Property Tax Law article 7 by providing that a petition seeking review 'must show that a complaint was made in due time to the proper officers to correct such assessment' (Real Property Tax Law § 706 [2]). Failure to comply with that requirement requires dismissal of the aggrieved taxpayer's petition" *(Matter of Sterling Estates v Board of Assessors, supra,* at 125-126).

Participation in the assessment review process as a condition precedent to judicial review is required by statute *(see,* Real Property Tax Law § 706 [2]) and consistent with the rationale underlying the doctrine of the exhaustion of administrative remedies. The doctrine is founded on the widely accepted notion that judicial review should be limited to cases that are ripe for determination and which have not been resolved during the administrative process. When the administrative process is ignored, there is no opportunity to resolve the issues under review by this branch of the government's dispute resolution mechanism. The result is that the burden upon the courts is increased and the administrative process is diminished in importance and productivity—the opposite of what is desired *(see, Young Men's Christian Assn. v Rochester Pure Waters Dist.,* 37 NY2d 371, 375-376, *supra; cf.,* Real Property Tax Law § 525 [2]; *Matter of Spencer v Mullen,* 84 AD2d 790, *supra).*

Moreover, the assessment review process by its nature must adhere to a strict timetable so that each year's assessment determination may be arrived at in time to establish the assessment roll and the tax rate. The petitioner herein made a cavalier attempt to remedy its refusal to turn over income and expense information by offering to make it available months later during its attempt to secure review of its assessment by the Board of Assessment Review. The timing of the petitioner's offer to supply income and expense information works at cross purposes with the need for strict adherence to the assessment timetable. Thus, the Board's action in refusing to consider the petition for administrative review was entirely appropriate under the terms of City of Mount Vernon Charter § 226-a (1)

and leads unerringly to the conclusion that this judicial proceeding should have been dismissed by the Supreme Court. Accordingly, the order is reversed, on the law, the petition is denied, and the proceeding is dismissed, on the merits.

ROSENBLATT, J. P., MILLER and FRIEDMANN, JJ., concur.

Ordered that the order is reversed, on the law, with costs, the petition is denied, and the proceeding is dismissed.