OPINION OF THE COURT
 

 Wesley, J.
 

 Petitioners appeal from that part of an order of the Appellate Division that affirmed an order of Supreme Court granting respondents’ motion to dismiss petitioners’ tax certiorari petition with respect to 17 properties for the 1994-1995 tax year (164 Mise 2d 62). The petition was dismissed with respect to those 17 properties because at the time it was filed it did not contain written authorizations from the owners of the properties for petitioners’ attorney to verify the petition on their behalf. Because written authorizations were supplied with respect to 16 of the 17 properties prior to the return date of the petition, the petition should not have been dismissed with respect to those 16 properties.
 

 I.
 

 Pursuant to Real Property Tax Law article 7 on August 4, 1994, petitioners served the Town of Islip with a single notice of petition and petition relating to 30 separate properties. Respondents thereafter moved to dismiss the petition with respect to all of the properties,, because written authorizations had not accompanied the verification of the grievance complaint (as required by RPTL 524). In addition, respondents moved to dismiss the petition with respect to 18 of the 30 properties, because written authorizations did not accompany the verification of the petition for those properties (as required by RPTL 706). Respondents also sought to dismiss the petition with respect to two of the properties which had been sold, and for which the petition had been brought in the name of the prior owners.
 

 
 *85
 
 In opposition to the motion, petitioners pointed out that respondents’ attorney had notified them by letter dated August 22, 1994 that the petition lacked authorizations for only 17 of the properties (the letter omitted the property belonging to Barbara DeRuvo). Petitioners’ attorney obtained authorizations from the owners of 16 of those 17 properties and served copies of the authorizations on respondents prior to the return date of the petition.
 

 With respect to the 12 properties for which written authorizations had been filed with the petition, Supreme Court denied respondents’ motion to dismiss, holding that the lack of authorizations at the grievance stage was not a bar to the tax certiorari petition. The court also held that respondents had waived their objection to the lack of a written authorization from Ms. DeRuvo, by not including her property in the August 22, 1994 letter or otherwise objecting with due diligence as required by CPLR 3022. With respect to the remaining 17 properties, the court held that respondents had objected to the petition with due diligence in the August 22, 1994 letter, 18 days after the petition was filed, and granted the motion to dismiss. The court found that respondents had acted with due diligence based upon respondents’ receipt of almost 10,000 tax certiorari petitions within a limited time.
 

 With respect to one of the two properties that had been sold prior to the article 7 proceeding, Supreme Court noted that respondents’ motion to dismiss had already been granted because of respondents’ timely objection to the petition’s defective verification.
 
 [1]
 
 2With respect to the other property that had been sold, the court considered the error in naming the prior owner to have been a technical defect, citing
 
 Matter of Rotblit v Board of Assessors
 
 (121 AD2d 727).
 
 [2]
 

 The Appellate Division affirmed for reasons stated by Justice Werner. We dismissed respondents’ motion for leave to appeal from portions of the Appellate Division order because those portions were not final (90 NY2d 845), but we entertained petitioners’ cross motion for leave to appeal on the merits by virtue of party finality and granted the cross motion. With re
 
 *86
 
 spect to the 16 properties for which written authorizations were filed prior to the return date of the petition, we now reverse.
 

 II.
 

 Section 706 (2) of the Real Property Tax Law provides in pertinent part that a petition to review a tax assessment "shall be duly verified by the petitioner, an officer thereof, or by an agent thereof who has been authorized in writing to verify and file such petition and whose authorization is made a part of such petition.” This requirement was added in 1977 to prevent the unauthorized filing of assessment protests by attorneys on behalf of taxpayers who are unaware of the filings (Mem of Attorney-General Re: Assembly 4922-A, at 2, Bill Jacket, L 1977, ch 438).
 

 The lack of a proper verification on a tax certiorari petition is not a jurisdictional defect
 
 (.People ex rel. New York City Omnibus Corp. v Miller,
 
 282 NY 5, 9;
 
 Bergman v Horne,
 
 100 AD2d 526, 527). Nothing in the language of RPTL 706 purports to limit the subject matter jurisdiction of Supreme Court over a tax certiorari petition, when the petition is verified by an agent of the petitioner and the agent’s authorization does not accompany the petition
 
 (see generally, Matter of Fry v Village of Tarrytown,
 
 89 NY2d 714, 718-719). Nevertheless, when a pleading is required to be verified, the recipient of an unverified or defectively verified pleading may treat it as a nullity provided that the recipient "with due diligence” returns the petition with notification of the reason(s) for deeming the verification defective (CPLR 3022).
 
 [3]
 

 
 *87
 
 We need not decide whether Supreme Court erred in its determination that respondents acted with due diligence when they notified petitioners of the defective verifications 18 days after the petition was filed. Even if respondents’ objection to the defective verifications was not waived, the defect was corrected for 16 of the 17 properties when the written authorizations from the owners of those properties were filed (see,
 
 Matter of Astoria Fed. Sav. & Loan Assn. v Board of Assessors,
 
 212 AD2d 600, 601).
 
 [4]
 
 Supreme Court specifically found that no substantial right of respondents was prejudiced as a result of petitioners’ defective verification (164 Misc 2d, at 66). Therefore, Supreme Court should have disregarded the technical infirmity pursuant to CPLR 2001 and 3026 and denied the motion to dismiss with regard to 16 of the properties
 
 (see, Matter of Great E. Mall v Condon,
 
 36 NY2d 544, 549; cf.,
 
 Matter of Sterling Estates v Board of Assessors,
 
 66 NY2d 122, 127,
 
 rearg denied
 
 66 NY2d 1036).
 

 Similarly, the error in naming the prior owner of the Robinson property in the petition was a technical defect that was corrected when a written authorization from Robinson was filed
 
 (see, Matter of Divi Hotels Mktg. v Board of Assessors,
 
 207 AD2d 580;
 
 Matter of Rotblit v Board of Assessors, supra,
 
 121 AD2d 727).
 

 Accordingly, the order of the Appellate Division should be modified, with costs to petitioners, by denying respondents’ motion to dismiss so much of the petition as challenges the assessment of 16 of the 17 subject properties for the 1994-1995 tax year, and as so modified affirmed.
 

 Chief Judge Kaye and Judges Titone, Bellacosa, Smith, Levine and Ciparick concur.
 

 Order modified, etc.
 

 [1]
 

 . This parcel (tax map No. 500-392-4-10) was sold to Mr. and Mrs. Robinson on July 25, 1994. The Robinsons did execute an authorization after the petition was filed, but prior to its return date.
 

 [2]
 

 . This parcel was the DeRuvo parcel. A written authorization from the new owner (Wilson) was filed after the petition, but because no objection to the absence of an authorization had been made, that defect was deemed waived by the court.
 

 [3]
 

 . This Court has not employed a specific time period to measure due diligence
 
 (see, Matter of Giambra v Commissioner of Motor Vehicles,
 
 46 NY2d 743, 745;
 
 Schwartz v Oppold,
 
 74 NY 307). Various lower courts have defined due diligence to mean within 24 hours
 
 (see, e.g., Matter of Lentlie v Egan,
 
 94 AD2d 839, 840,
 
 affd
 
 61 NY2d 874;
 
 Matter of Ireland v Town of Queensbury Zoning Bd. of Appeals,
 
 169 AD2d 73, 76,
 
 appeal dismissed
 
 79 NY2d 822;
 
 Matter of O’Neil v Kasler,
 
 53 AD2d 310, 315;
 
 State of New York v McMahon,
 
 78 Misc 2d 388, 389). These holdings appear to be based on what was formerly a more flexible rule of practice (see,
 
 Paddock v Palmer,
 
 32 Misc 426, 433). Some courts have measured due diligence according to the particular circumstances of the case
 
 (see, e.g., Theodoridis v American Tr. Ins. Co.,
 
 210 AD2d 397;
 
 Ft. Holding Corp. v Otero,
 
 157 Misc 2d 834, 835-836;
 
 cf.,
 
 CPLR 2101 [f] [objection to a defect in the form of a paper, if a substantial right of a party is not prejudiced, is deemed waived unless within two days after receipt thereof the party on whom the paper is served returns it to the party serving it with a statement of particular objections]).
 

 [4]
 

 . With respect to the Delduca property (tax map No. 500-392-4-26), petitioners’ attorney submitted that the proceeding would be discontinued because Mr. Delduca had provided no written authorization for the 1994-1995 tax year.