In the Matter of CIRCULO HOUSING DEVELOPMENT FUND CORPORATION, Appellant, v ASSESSOR OF CITY OF LONG BEACH, NASSAU COUNTY, NEW YORK, et al., Respondents. [947 NYS2d 559]—

In a proceeding pursuant to Real Property Tax Law article 7 to review three determinations of the Board of Assessment Review for the City of Long Beach, all dated March 24, 2011, affirming the denial, by the Assessor of the City of Long Beach, of the petitioner's applications for real property tax exemptions under RPTL 420-a with respect to three parcels of real property, the petitioner appeals from an order of the Supreme Court, Nassau County (Iannacci, J.), entered September 12, 2011,

which granted the motion of the Assessor of the City of Long Beach and the Board of Assessment Review for the City of Long Beach pursuant to CPLR 3211 (a) to dismiss the petition.

Ordered that the order is modified, on the law, by deleting the provisions thereof granting those branches of the motion which were to dismiss so much of the petition as sought to review the two determinations affirming the denial of the applications for real property tax exemptions with respect to the parcels of real property located on East Market Street and West Fulton Street, and substituting therefor provisions denying those branches of the motion; as so modified, the order is affirmed, without costs or disbursements.

The petitioner, Circulo Housing Development Fund Corporation (hereinafter the petitioner), commenced this proceeding pursuant to article 7 of the Real Property Tax Law seeking review of three determinations of the Board of Assessment Review for the City of Long Beach (hereinafter the Board), affirming the denial, by the Assessor of the City of Long Beach (hereinafter the Assessor), of the applications for real property tax exemptions pursuant to section 420-a of the Real Property Tax Law with respect to three parcels of real property. In its verified petition, dated April 27, 2011, the petitioner alleged that it is a New York not-for-profit corporation formed for the purpose of, inter alia, operating and maintaining housing projects for persons of low income, and that it owns the three properties at issue, all of which are located in the City of Long Beach. The petition further alleges that the three properties are situated on East Market Street (hereinafter the East Market Street property), West Fulton Street (hereinafter the West Fulton Street property), and East Hudson Street (hereinafter the East Hudson Street property), respectively. The petitioner asserts that it uses the properties to operate a housing program for homeless individuals, including victims of domestic violence.

As described in the petition, the applications for the tax exemptions were filed on or about October 19, 2010, and denied by the Assessor on or about December 21, 2010.

As set forth in the petition, the petitioner filed three administrative complaints with the Board on or about January 13, 2011, alleging that the assessments were unlawful in that the properties were wholly exempt from taxation. The administrative complaints were denied by the Board on or about March 24, 2011, on the ground that the Board had not received detailed income and expense reports referable to the properties, or copies of the actual deeds.

The petition recited that, in denying the tax exemptions, the

Assessor and the Board (hereinafter together the respondents) violated section 420-a of the Real Property Tax Law, that the refusal to grant the exemptions rendered the assessments of the three properties unlawful, and that the petitioner was aggrieved and injured by the unlawful assessments. The petition was verified by the Executive Director of the petitioner corporation.

The respondents moved to dismiss the petition pursuant to CPLR 3211 (a). The respondents contended that, with respect to the East Hudson Street property only, the petition must be dismissed because the petitioner lacked standing to commence the RPTL article 7 proceeding. Specifically, the respondents argued that, pursuant to RPTL 706 (2), the filing of an administrative complaint by the owner of the property with the Board is a condition precedent to the commencement of an RPTL article 7 proceeding. Here, the petitioner, who undisputably filed an administrative complaint with the Board with regard to the East Hudson Street property, was not the owner of that property and, therefore, according to the respondents, the petitioner lacked standing to commence this article 7 proceeding with respect to that property. Moreover, the respondents also contended that, since the petitioner was not the owner of the East Hudson Street property, the petitioner did not have standing to commence this proceeding by virtue of RPTL 704 (1) as well, since that provision requires that the filing party be "aggrieved" by the assessment.

With regard to all of the properties, the respondents contended that the petition should be dismissed because the petitioner failed to establish that it was entitled to the exemptions.

In an order dated September 7, 2011, the Supreme Court granted the respondents' motion. The Supreme Court found that, with respect to both the East Hudson Street and the West Fulton Street properties, the petitioner was not the owner of record. Therefore, the Supreme Court concluded that the petitioner lacked standing to commence this proceeding in connection with those properties. With regard to the East Market Street property, the Supreme Court held that the petitioner was not entitled to the Real Property Tax Law exemption. The petitioner appeals.

The Real Property Tax Law provides a scheme for fixing and reviewing tax assessments that involves both administrative and judicial review. A local assessor bears the initial responsibility to investigate and establish the proper tax roll and, once completed, the tax roll is presumed to be accurate and free of error (*see Matter of Fifth Ave. Off. Ctr. Co. v City of Mount Vernon*, 89 NY2d 735, 740-741 [1997]; *Matter of Sass v Town of*

*Brookhaven*, 73 AD3d 785, 787 [2010]). If the property owner is dissatisfied, RPTL article 5 provides for administrative review, followed by judicial review under RPTL article 7 (*see* RPTL 522-528, 700-727; *Matter of Sass v Town of Brookhaven*, 73 AD3d at 787).

Importantly, while RPTL article 5 requires that the *property owner* file a complaint or grievance to obtain administrative review of the tax assessment (*see* RPTL 524 [3]), *any person* claiming to be aggrieved by any assessment may file a petition pursuant to RPTL article 7 (*see* RPTL 704 [1]) to challenge, inter alia, an "[u]nlawful assessment" (RPTL 701 [9] [a]). However, in order to maintain a proceeding pursuant to RPTL article 7, the aggrieved taxpayer must also allege in the petition that "a complaint was made in due time to the proper officers to correct such assessment" (RPTL 706 [2]). Failure to comply with this requirement requires dismissal of the petition (*see Matter of Sterling Estates v Board of Assessors of County of Nassau*, 66 NY2d 122, 126 [1985]; *see also Matter of Fifth Ave. Off. Ctr. Co. v City of Mount Vernon*, 89 NY2d at 742).

Here, the Supreme Court erred in holding that the petitioner lacked standing to commence this RPTL article 7 proceeding with respect to the West Fulton Street property. The petitioner established that it was the owner of the property and the responsible taxpayer and, therefore, met the definition of "[a]ny person claiming to be aggrieved" by the assessment (RPTL 704 [1]; *Matter of Malik v Tax Commn. of the City of N.Y.*, 68 AD3d 870 [2009]).

Similarly, the Supreme Court also erred in holding that the petitioner lacked standing to commence this RPTL article 7 proceeding with respect to the East Hudson Street property. The petitioner alleged that it was responsible for paying the real property taxes on the property and, therefore, met the definition of "[a]ny person claiming to be aggrieved" by the assessment (RPTL 704 [1]; *Matter of Malik v Tax Commn. of the City of N.Y.*, 68 AD3d 870 [2009]).

However, as correctly argued by the respondents, the petitioner's status as an "aggrieved" person is not the only requirement for commencing a proceeding pursuant to RPTL article 7. As discussed above, a condition precedent to the commencement of such a proceeding is that the owner must have made a complaint regarding the unlawful assessment to the Board for review pursuant to RPTL article 5 (*see* RPTL 524). Here, the entity which filed the administrative complaint for review of the assessment of the East Hudson Street property was Circulo Housing Development Fund Corporation, which, according to

the deed to the East Hudson Street property, is not the owner of that property. There is no evidence that the owner of the East Hudson Street property ever filed an administrative complaint for review of the assessment of that property. As such, the petition did not "show that a complaint was made in due time to the proper officers to correct such assessment," as is required (RPTL 706 [2]; *see Matter of Sterling Estates v Board of Assessors of County of Nassau*, 66 NY2d at 126). Accordingly, that branch of the respondents' motion which was to dismiss so much of the petition as concerned the East Hudson Street property was properly granted, albeit not because the petitioner lacked standing (*see Matter of Sterling Estates v Board of Assessors of County of Nassau*, 66 NY2d at 126; *see also Matter of Fifth Ave. Off. Ctr. Co. v City of Mount Vernon*, 89 NY2d at 742), but because a condition precedent was not satisfied.

Finally, with respect to the East Market Street property, the petition sufficiently alleged all material facts necessary to state a cause of action for review of a real property tax assessment pursuant to article 7 of the Real Property Tax Law (*see* RPTL 706 [2]). According the plaintiff "the benefit of every possible favorable inference," accepting the facts alleged in the petition as true, and "determin[ing] only whether the facts as alleged fit within any cognizable legal theory," as the court must on a motion to dismiss a complaint or a petition (*Leon v Martinez*, 84 NY2d 83, 87-88 [1994]), we conclude that the Supreme Court erred in granting that branch of the respondents' motion which was pursuant to CPLR 3211 (a) to dismiss so much of the petition as concerned the determination denying the application for real property tax exemption with respect to the East Market Street property. Mastro, A.P.J., Florio, Chambers and Roman, JJ., concur.