Ordentlich v State of New York (2019 NY Slip Op 04710)





Ordentlich v State of New York


2019 NY Slip Op 04710


Decided on June 12, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 12, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
HECTOR D. LASALLE
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2017-06842

[*1]Eva Ordentlich, et al., respondents,
v
State of New York, appellant. (Claim No. 89773)


Letitia James, Attorney General, New York, NY (Anisha S. Dasgupta and Caroline A. Olsen of counsel), for appellant.
Kelner & Kelner, New York, NY (Joshua D. Kelner of counsel), for respondents.



DECISION & ORDER
In a claim, inter alia, to recover damages for personal injuries, the defendant appeals from an order of the Court of Claims (Stephen J. Mignano, J.), dated March 17, 2017. The order granted the claimants' motion for leave to amend their notice of intention to file a claim, nunc pro tunc.
ORDERED that the order is affirmed, with costs.
The claim at issue arose out of a car accident that occurred on August 24, 2016. The claimants served a notice of intention to file a claim against the State of New York, which was received by the Attorney General on November 21, 2016. The notice of intention to file a claim was signed by one of the claimants before a notary public, but it was not verified as required by Court of Claims Act § 11(b). On the same day that the notice of intention to file a claim was received by the Attorney General, it was rejected in a letter sent to the claimants' counsel, stating that the defendant was electing to treat it as a nullity because it was unverified.
By notice of motion dated January 6, 2016, the claimants sought leave to amend their notice of intention to file a claim, nunc pro tunc, or, alternatively, for leave to file a late notice of claim. A proposed amended notice of intention to file a claim was included with the motion, and it included the verification which was missing from the original. In the order appealed from, the Court of Claims granted the claimants' motion for leave to amend their notice of intention to file a claim, nunc pro tunc.
Pursuant to Court of Claims Act § 11(b), a "notice of intention to file a claim shall be verified in the same manner as a complaint in an action in the supreme court." The Court of Appeals has held that "there is no basis for treating an unverified or defectively verified claim or notice of intention any differently than an unverified or defectively verified complaint is treated under the CPLR in Supreme Court" (Lepkowski v State of New York, 1 NY3d 201, 210). Here, as the Court of Claims found, the defendant was not prejudiced by the omission of a verification. Moreover, the court noted that CPLR 2001 permits an omission or defect to be corrected, upon such terms as may be just (see Matter of Miller v Board of Assessors, 91 NY2d 82, 86-87). Therefore, [*2]we agree with the court's determination to grant the claimants' motion for leave to amend their notice of intention to file a claim, nunc pro tunc.
CHAMBERS, J.P., LASALLE, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court