U.S. Bank, N.A. v Vetri
2026 NY Slip Op 03469
June 3, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

U.S. Bank, National Association, etc., respondent,
v
William J. Vetri, etc., appellant, et al., defendants.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on June 3, 2026
2023-08549, (Index No. 67745/14)
Angela G. Iannacci, J.P.
Linda Christopher
Carl J. Landicino
Phillip Hom, JJ.

James F. Misiano, P.C., Brentwood, NY, for appellant.
Roach & Lin, P.C., Syosset, NY (Hans H. Augustin of counsel), for respondent.

[*1]
DECISION & ORDER
In an action to foreclose a mortgage, the defendant William L. Vetri, as Administrator and Distributee of the Estate of Robert J. Fredericks, appeals from an order of the Supreme Court, Suffolk County (S. Betsy Heckman Torres, J.), dated July 13, 2023. The order, insofar as appealed from, denied that defendant's motion pursuant to CPLR 3211(a)(10) to dismiss the complaint insofar as asserted against him.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action against, among others, the defendant William L. Vetri, as Administrator and Distributee of the Estate of Robert J. Fredericks (hereinafter the defendant), to foreclose a mortgage encumbering certain real property located in Suffolk County. The plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference. In an order dated December 20, 2016, the Supreme Court granted the plaintiff's motion and appointed a referee to compute the amount due to the plaintiff. The plaintiff then moved to confirm the referee's report and for a judgment of foreclosure and sale. In an order and judgment of foreclosure and sale dated December 4, 2017, the court, among other things, granted the plaintiff's motion, confirmed the referee's report, and directed the sale of the subject property. Thereafter, the defendant moved pursuant to CPLR 3211(a)(10) to dismiss the complaint insofar as asserted against him. In an order dated July 13, 2023, the court, inter alia, denied the motion. The defendant appeals.
"CPLR 1001 sets forth the rules governing when joinder of parties is necessary to continue an action affecting the rights of those parties. The statute directs that persons must be brought into the action when joinder is necessary to accord 'complete relief' between the parties, or when the interests of the person might be 'inequitably affected by a judgment in the action'" (Saratoga County Chamber of Commerce v Pataki, 100 NY2d 801, 819, quoting CPLR 1001[a]). Here, the defendant contends that he, in his individual capacity as a beneficiary of the decedent's will, was a necessary party that the plaintiff failed to join insofar as he was named in his capacity as administrator of the decedent's estate and as a "distributee." According to the defendant, because he was a named beneficiary of the will, he was not a "distributee" (see EPTL 4-1.1). However, the record reveals that the defendant was properly made a party to this action in his individual capacity. While the better course of action would have been to name the defendant "in his individual capacity" [*2]or as a "beneficiary," the complaint clarified that the defendant—notwithstanding his designation as a "distributee"—was named in the action by virtue of his interest in the estate of the decedent. Under these circumstances, where the use of the term "distributee" appears to be a mistake that does not prejudice any party, it can be ignored (see CPLR 2001, 3026; Matter of Miller v Board of Assessors, 91 NY2d 82, 87; Zhuoya Luo v Wensheng Wang, 176 AD3d 1016, 1017). Therefore, the Supreme Court properly denied the defendant's motion pursuant to CPLR 3211(a)(10) to dismiss the complaint insofar as asserted against him for failure to join a necessary party.
In light of our determination, the parties' remaining contentions need not be addressed.
IANNACCI, J.P., CHRISTOPHER, LANDICINO and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court