■ In the Matter of PHYLLIS C. HYACINTHE, Appellant, v ELLIOT GLASER, as Assessor of the Town of Greenburgh, et al., Respondents. — In a proceeding pursuant to article 7 of the Real Property Tax Law to review assessments (for purposes of taxation) on certain real property for 1978 and 1979, petitioner appeals from a judgment of the Supreme Court, Westchester County (Burchell, J.), dated October 12, 1982, which, upon the respondents' motions, dismissed the petitions.

Judgment reversed, on the law and the facts, with costs, motions denied, and matter remitted to respondents for reconsideration of petitioner's protests.

Petitioner Phyllis Conshie Hyacinthe, as a recent purchaser of a shopping center located in the Town of Greenburgh, brought three proceedings in Supreme Court, Westchester County, pursuant to article 7 of the Real Property Tax Law, to review the assessments with respect to said property for the years 1978 and 1979. The 1979 proceedings consisted of two separate proceedings since the property had been assessed in two separate units; the third proceeding dealt with the assessment for the year 1978.

Thereafter, the respondents, the Assessor of the Town of Greenburgh and School District Number Five of the Town of Greenburgh, moved to dismiss the proceedings pursuant to

sections 512 and 524 of the Real Property Tax Law upon the ground that petitioner had willfully refused to appear and be examined as demanded by the Board of Assessment Review. By order dated May 9, 1980, Special Term denied respondents' motions to dismiss the petitions, finding that no showing had been made that petitioner's failure to appear before the Board of Assessment Review (at hearings on June 19 and 20, 1978) was willful as required by subdivision 2 of section 525 of the Real Property Tax Law in order to justify the summary relief sought. Respondents thereupon appealed to this court, which reversed said order and remitted the proceedings "to Special Term for a hearing and a new determination on the motions [finding that] [t]he papers submitted on the motions to dismiss presented many conflicting allegations on critical issues" (*Matter of Hyacinthe v Glazer,* 81 AD2d 835, 836).

Thereafter a hearing was held on August 20, 1981, and, by judgment dated October 12, 1982, Special Term granted respondents' motions and dismissed the proceedings upon the ground that petitioner had willfully failed to appear at the hearings. This appeal ensued.

At the hearing before Special Term, no proof was introduced concerning the June 20, 1978 hearing of the Board of Assessment Review. As to the June 19, 1979 hearing, the sole proof introduced was the following portion of the minutes which was read into the record: " 'Let the record show that in response to the application of Phyllis Conshie Hyacinthe, with respect to property located at 15 Center Street, Ardsley, New York, a subpoena was served on George E. Kettner at the address indicated for Mr. Kettner and that there has been no response to said subpoena, although the return receipt indicates that it was being delivered on the 15th day of June, 1979. There being no complainants present, the hearing is adjourned at 9:40 P.M.' "

Since the sole ground set forth by respondents for the dismissal of petitioner's proceedings was her alleged willful failure to appear before the Board of Assessment Review, judicial review is limited to ascertaining whether there is support in the record for dismissal on that ground.

Inasmuch as the record before Special Term is devoid of any proof that the Board of Assessment Review found that petitioner's failure to appear at either of the hearings was willful, there was no basis for dismissing the petitions. Special Term's review was limited to the grounds invoked by the Board and the court could not substitute its own finding of willful default as a basis for dismissing the petitions (see *Matter of Trump-Equitable Fifth Ave. Co. v Gliedman,* 57 NY2d 588). Therefore, we find

Special Term exceeded the appropriate boundaries of judicial review in this area (*Matter of Trump-Equitable Fifth Ave. Co. v Gliedman, supra; Matter of Montauk Improvement v Proccacino,* 41 NY2d 913).

Accordingly, we reverse Special Term's judgment and remit the matter to respondents for reconsideration of petitioner's protests. At any new hearing, respondents may call petitioner as a witness if they be so advised. Titone, J. P., Thompson, Bracken and Brown, JJ., concur.