■ In the Matter of ROY SALISBURY et al., Respondents, v BOARD OF ASSESSORS OF THE TOWN OF GLENVILLE, Appellant. — Yesawich, Jr., J. Appeal from an order of the Supreme Court at Special Term (Dier, J.), entered September 28, 1984 in Schenectady County, which, in a proceeding pursuant to Real Property Tax Law article 7, denied respondent's motion to dismiss the petition.

Petitioners own commercial property in the Town of Glenville, Schenectady County, which has been assessed at $161,000 since 1980.

On June 20, 1983, petitioners filed a complaint with respondent charging inequality and overvaluation in the assessment for 1984. Because that portion of the complaint form wherein the property owner is expected to furnish information substantiating the complaint had not been completed, respondent demanded documentary support from petitioners that the assessment should be reduced, as claimed, to $80,000. Petitioners agreed to produce the requested information in court. At that time, trial of petitioners' challenges to respondent's assessments for the tax years 1980, 1981 and 1982 was imminent. That trial, which concluded on August 25, 1983, resulted in apparently unappealed orders and judgments decreeing that respondent had indeed overstated the value of the property by $30,000. In the course of that proceeding, the appraisers for petitioners and respondent both agreed that the improvement on the land had been overassessed.

Despite this determination, respondent nevertheless rejected petitioners' 1984 request to reduce the $161,000 assessment on the ground that "insufficient information" had been submitted. Petitioners then filed a petition, pursuant to Real Property Tax Law article 7, challenging that assessment. Respondent moved to dismiss the petition, arguing that by willfully neglecting and refusing to supply the requested information, petitioners had failed to exhaust their administrative remedies. Respondent appeals from Special Term's order denying the motion.

We affirm. Although Real Property Tax Law § 525 (2) declares that a person who willfully neglects to cooperate with the inquiries of a board of assessment review relevant to a contested assessment is not entitled to a reduction thereof, given the circumstances, respondent's reliance on this section for the

proposition that petitioners failed to exhaust their administrative remedies is somewhat disingenuous. Petitioners' noncooperation was not occasioned by a desire to frustrate respondent's search for an accurate assessment. Rather, it was occasioned by the imminency of judicial proceedings involving the very same parties, property and assessment, in which appraisal reports had been exchanged and, ostensibly, mandatory pretrial settlement conferences had been conducted.

Order affirmed, with costs. Main, J. P., Mikoll, Yesawich, Jr., Levine and Harvey, JJ., concur.