■ In the Matter of STATE OF NEW YORK, Respondent, v TOWN OF NORTHAMPTON, Appellant.—Weiss, J. Appeal from an order of the Supreme Court (Amyot, J.), entered December 8, 1988 in Fulton County, which, in a proceeding pursuant to RPTL article 7, denied respondent's motion to dismiss the petition.

Petitioner owns 380 parcels of land within respondent town. The parcels make up part of the Great Sacandaga Lake and its shoreline and are under the control of the Hudson River-Black River Regulating District. The parcels are separately assessed by respondent and are taxable locally pursuant to ECL 15-2115. The State Board of Equalization and Assessment oversees the assessment and taxation of State-owned property (RPTL 202 [1] [d]; 540, 542). Petitioner duly filed administrative assessment complaints against increases in 1986, 1987 and 1988 affecting 288 parcels. The 1986 and 1987 complaints were denied by respondent's Board of Assessment and Review (hereinafter the Board) and proceedings for judicial review pursuant to RPTL article 7 were commenced and remain pending. The controversy here involves only the 1988 assessment.

After a hearing on June 23, 1988, the Board denied the 1988 complaint upon determining that petitioner had willfully failed to respond to its May 18, 1988 written request for information. Petitioner declined to furnish the information specified, arguing that the request was not normal but rather an improper request designed to supplement the Board's defense of the 1986 and 1987 pending tax certiorari proceedings in which petitioner was prepared for trial, awaiting only the filing of respondent's appraisals. On June 24, 1988, the Board rejected petitioner's complaint and refused to make any reduction or changes in the assessments. The instant RPTL article 7 proceeding was commenced alleging inequality and excessiveness in the assessments.

Respondent moved pursuant to RPTL 525 (former [2]) (as added by L 1982, ch 714, § 9) to dismiss this proceeding to

review the assessments. RPTL 525 (former [2]) provided, in relevant part, that, if upon hearing a complaint in relation to assessments, the review board is not satisfied that such assessment is excessive, unequal or unlawful: "the board may require the person whose real property is assessed, or his agent or representative, or any other person, to appear before the board and be examined concerning such complaint, and to produce any papers relating to such assessment. If the person whose real property is assessed, or his agent or representative, shall willfully neglect or refuse to attend and be so examined, or to answer any question put to him relevant to the complaint or assessment, such person shall not be entitled to any reduction of the assessment subject to the complaint."

Petitioner opposed the dismissal motion, demonstrating that much of the same material sought in connection with the 1988 complaint had already been provided to the Board in the previous years, that a transcript of the 1987 hearings covering the same parcels had been supplied to the Board, that such information had not changed and that the questions addressed to petitioner's appraisals comprised material prepared for litigation. Finally, petitioner stated that in a few instances the information sought was not available. Petitioner appeared at the hearing with a knowledgeable individual who testified extensively. Following Supreme Court's denial of the motion in a bench decision, respondent appealed.

Generally, a person who willfully neglects to cooperate with an inquiry by a board of assessment review is not entitled to a reduction of the real property assessment. However, this court has held that where the refusal is occasioned by the imminence of judicial proceedings involving the very same parties and the same properties and where the refusal was not intended to frustrate the review board's search for an accurate assessment, dismissal is inappropriate *(Matter of Salisbury v Board of Assessors,* 111 AD2d 1022). As we observed above, the Board already possessed a significant amount of the information requested and heard testimony from a knowledgeable individual concerning petitioner's appraisal methodology. While failure to respond to material questions at a hearing and failure to produce documents requested may affect the right to reduction of the assessment, an owner does not, by such failures, forfeit his right to maintain the proceeding *(People ex rel. Irving Sav. Bank v Howes,* 266 App Div 1024). Respondent has not demonstrated that petitioner willfully refused to participate in the review hearing or committed a perverse attempt to frustrate the Board and its deliberations

by withholding information necessary to perform the review procedure. Accordingly, there was no basis for Supreme Court to dismiss the petition *(see, Matter of Hyacinthe v Glaser,* 104 AD2d 651, 652).

Order affirmed, with costs. Kane, J. P., Weiss, Yesawich, Jr., Mercure and Harvey, JJ., concur.