■ In the Matter of COUNTY OF FULTON, Respondent, v STATE OF NEW YORK et al., Appellants.—Weiss, J. Appeals from a judgment of the Supreme Court (Cobb, J.), entered April 18, 1989 in Albany County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to compel respondents to pay real property taxes assessed on certain lands owned by respondent State of New York as part of respondent Hudson River-Black River Regulating District.

Respondents, who are responsible for the payment of the real property taxes on lands constituting the Great Sacandaga Lake (ECL 15-2115), duly protested increases in the assessments by the Town of Northampton, Fulton County, for 1987 and 1988 and commenced proceedings to review those assessments *(see, Matter of State of New York v Town of Northampton,* 156 AD2d 857). Respondents have declined to pay their real property taxes during the pendency of the review proceedings. Petitioner was required to advance the delinquent taxes of the Town of Northampton (RPTL 936).

Since the law precludes foreclosure for nonpayment of taxes on real property owned by respondent State of New York (RPTL 1174), petitioner has sought mandamus in these CPLR article 78 proceedings to compel payment of the disputed taxes. Respondents moved to dismiss the petition arguing, *inter alia,* that the petition fails to state a cause of action. Supreme Court dismissed that portion of the petition which sought interest and penalties (RPTL 544 [2]), but otherwise denied the motions. In their answers, respondents allege that mandamus does not lie because petitioners do not have a clear right to payment of disputed taxes. In ruling on the merits, Supreme Court granted the petition to the extent that respondent Hudson River-Black River Regulating District was directed to pay the disputed taxes and respondent Comptroller was directed to audit and countersign the payments absent any valid, but unrelated, objection. On this appeal, respondents essentially contend that mandamus does not lie in these circumstances.*

---

* On September 12, 1989 during pendency of this appeal, the river regulat-

Generally, one challenging a tax assessment on real property must continue to pay the taxes, and the commencement of a proceeding to review an assessment does not stay the collection of taxes or enforcement proceedings instituted by the taxing authority (RPTL 704 [3]; *Grant Co. v Srogi,* 52 NY2d 496, 515-516). Respondents argue that the State enjoys special protections, i.e., the State is not subject to interest charges or penalties on unpaid taxes on State-owned lands (RPTL 1004), nor are State lands subject to foreclosure sales on tax liens (RPTL 1174). They argue that these provisions of law demonstrate a legislative intent to protect the State during tax assessment disputes. Respondents further point to RPTL 995 and 1174 which afford municipal and State lands protection from foreclosure, and underscore that while CPLR article 78 relief is available against municipalities to enforce payment, the statute is silent with respect to mandamus against the State. Respondents also argue that recent proposed legislation passed by the Legislature but returned unsigned by the Governor, which would have specifically required payment by river regulating districts of disputed real property taxes, strongly suggests the absence of present authority.

CPLR 7803 (1) provides for judicial review of whether a body or officer has failed to perform a duty enjoined upon it by law. The language in RPTL 995 referring to enforcement by CPLR article 78 does not enlarge mandamus beyond its statutory scope. Rather, it is indicative of a finding that nonpayment of real property taxes by a *municipal corporation* constitutes the failure to perform a duty enjoined upon it by law. ECL 15-2115 provides, in part, "The taxes levied thereon shall be paid by the river regulating district under whose authority the land was acquired." There is no suggestion that respondents are exempted from the general rule *(see, Grant Co. v Srogi, supra).*

Public policy recognizes that the ability of government to function is dependent upon the flow of funds with which to provide essential services to the public; therefore, the exercise of taxing power should not be impinged upon *(see, supra,* at 516). Respondents argue that since petitioner and the river regulating district are both governmental units, *Grant Co. v*

---

ing district agreed to pay a sum on account of taxes based upon the minimum aggregate assessment of its property in the Town of Northampton, in return for which the town agreed not to seek enforcement of the Supreme Court judgment pending resolution of this appeal.

*Srogi (supra)* is distinguishable. We disagree. The State has by statute specifically permitted the subject property to be taxed and each governmental unit must rely upon that right; one to pay taxes, the other to receive the money. Although respondents allude to possible abuse by the town of its power to raise assessments and spend the tax money, none has here been demonstrated. Abuses could occur on the part of either party and can occur even where the taxpayer is not a governmental entity. In such event, respondents would not be without a remedy upon the proper pleading and proof of abuse *(see, supra)*.

Judgment affirmed, with costs. Mahoney, P. J., Casey, Weiss, Levine and Harvey, JJ., concur.