■ In the Matter of DOUBLEDAY & COMPANY, INC., Respondent, v BOARD OF ASSESSORS OF VILLAGE OF GARDEN CITY et al., Appellants. [608 NYS2d 699] —In tax certiorari proceedings brought pursuant to Real Property Tax Law article 7, the appeal is from an order of the Supreme Court, Nassau County (Rossetti, J.), dated November 13, 1991, which denied the appellants' motion to dismiss the petitioner's tax certiorari proceedings for the tax years 1986/1987 through 1989/1990 for willful failure to provide information under Real Property Tax Law § 525 (2) (a).

Ordered that the order is affirmed, with costs.

The petitioner brought the first of these tax certiorari proceedings in 1984, after the Board of Assessment Review of the Village of Garden City (hereinafter the Board) denied a claim for a reduction in the petitioner's real property tax assessment on the merits. To preserve its right to seek refunds of excessive taxes after 1984, the petitioner continued to file complaints and petitions annually. On the eve of trial in 1991, after the court had directed the parties to exchange appraisals of the real property at issue, the appellants for the first time moved to dismiss the proceedings which related to the tax years 1986/1987 through 1989/1990. The sole basis for the motion was that the petitioner willfully failed to provide additional economic information about the subject property, either by appearing before the Board or submitting papers, as requested. The court properly denied the motion.

Real Property Tax Law § 525 (2) (a) provides that a board of

assessment review may require an applicant for a reduction in a real property tax assessment to appear before it to be examined, or to otherwise submit information concerning the property at issue. Any applicant who "willfully" neglects this obligation shall not be entitled to a reduction. Where, as here, the sole ground raised for the dismissal of tax certiorari proceedings is the petitioner's alleged willful failure to appear before the Board, or to submit information, judicial review is limited to ascertaining whether there is support in the record for dismissal on that ground (see, Matter of Hyacinthe v Glaser, 104 AD2d 651, 652; Matter of Skuse v Town of S. Bristol, 99 AD2d 670).

We agree with the Supreme Court that, on this record, there is not sufficient evidence that the petitioner's nonappearance or failure to submit information was willful. First, the Board never made such a finding. Second, the petitioner's failure to appear at the administrative proceeding or submit information can be explained by the imminency of judicial proceedings involving the same parties, property, and assessment, rather than by a desire to frustrate the Board's search for an accurate assessment. In such situations, the courts have found the dismissal of the judicial proceedings to be an inappropriate remedy (see, Matter of State of New York v Town of Northampton, 156 AD2d 857, 858; Matter of Salisbury v Board of Assessors, 111 AD2d 1022).

In view of our determination, it is not necessary to reach the other issues raised by the parties. Balletta, J. P., O'Brien, Ritter and Florio, JJ., concur.