■ In the Matter of JOHN LYNCH et al., Appellants, v BOARD OF ASSESSORS OF TOWN OF RIVERHEAD et al., Respondents. [642 NYS2d 930] —In a small claims assessment review proceeding pursuant to Real Property Tax Law article 7, title 1-A, the appeal is from an order of the Supreme Court, Suffolk County (Werner, J.), dated December 12, 1994, which granted the respondents' motion to dismiss the proceeding.

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the proceeding is reinstated.

When the appellants sought administrative review of their assessments (*see,* RPTL, art 7, tit 1-A), the respondent Board of Assessment Review (hereinafter the Board) requested additional documentation in order to render decisions on the complaints. The Board later dismissed the complaints on the ground that the appellants "negligently or willfully failed to provide any papers, documents or other information as requested". In this small claims assessment review proceeding pursuant to Real Property Tax Law, article 7, title 1-A, the Supreme Court granted the Board's motion to dismiss the proceeding based on the appellants' failure to provide documentation in the administrative proceeding.

Any applicant who willfully neglects or refuses to appear before a board of assessment review to be examined or refuses to provide requested documentation is not entitled to a reduction in the assessment (*see,* RPTL 525 [2] [a]; *Matter of Fox Meadow Partners v Board of Assessment Review,* 227 AD2d 400; *Matter of Doubleday & Co. v Board of Assessors,* 202 AD2d 424). In order to foreclose future judicial review of the assessment, the board's determination that the applicant's failure to cooperate was willful must be supported by evidence in the

record (see, *Matter of Doubleday & Co. v Board of Assessors, supra; Matter of Hyacinthe v Glaser,* 104 AD2d 651).

Here, it is not clear that the Board found the appellants' failure to provide documentation to be willful. In any event, there is no evidence in the record to support such a determination. The Supreme Court therefore erred in granting the Board's motion to dismiss the proceeding (see, *Matter of Doubleday & Co. v Board of Assessors, supra; Matter of State of New York v Town of Northampton,* 156 AD2d 857; *Matter of Hyacinthe v Glaser, supra; cf., Matter of Fox Meadow Partners v Board of Assessment Review, supra).*

In light of our determination, we need not address the appellants' remaining contentions. Mangano, P. J., Balletta, Copertino and Hart, JJ., concur.