*738 OPINION OF THE COURT
Chief Judge Kaye.
Under Mount Vernon City local law, the Board of Assessment Review must deny any complaint concerning assessment of income-producing realty if the property owner failed to submit an annual income and expense statement in a timely manner to the Commissioner of Assessment. The issue here is whether a taxpayer’s failure to comply with this preassessment disclosure requirement also precludes judicial review pursuant to RPTL article 7. Contrary to the Appellate Division, we conclude that the local disclosure law is not a condition precedent to judicial review of a tax assessment.
In 1990, the City of Mount Vernon enacted Local Law No. 4 (Mount Vernon City Charter § 226-a [1]), which requires owners of income-producing real property to file an annual income and expense statement with the Commissioner of Assessment by the first day of February. The Commissioner can extend the deadline for up to 30 days "for good cause shown” (Mount Vernon City Charter § 226-a [1] [D]). If the statement is not timely filed, the Commissioner may compel production of relevant books and records by subpoena or apply for a court order requiring the owner to furnish the income and expense statement as well as related books and records (§ 226-a [4] [B]). Local Law No. 4 further specifies that, where a property owner fails to provide the requisite statement on time, "the Board of Assessment Review shall deny any complaint in relation to the assessment of such property by such owner” (§ 226-a [4] [A]).
The petitioners in these two cases are owners of income-producing commercial realty in the City of Mount Vernon. It is *739 undisputed that both petitioners failed to file income and expense statements by the February 1, 1992 deadline as required by the local law. Moreover, neither sought an extension from the Commissioner.
Once the tentative assessment roll was established, petitioners timely filed complaints with the Board of Assessment Review seeking reduction of the 1992 tax assessments for their properties. Thereafter, on request of the Board petitioners each forwarded information regarding their business operations — including income and expense statements. The Board, however, declined to review petitioners’ claims, due to their initial failure to file the income and expense statements.
Petitioners commenced the instant proceedings for judicial review of their tax assessments under RPTL article 7. Respondents moved to dismiss the proceedings, arguing that timely filing of an income and expense statement pursuant to local law was a prerequisite to obtaining any reduction. Supreme Court denied the motions, holding that petitioners had complied with the conditions for judicial review contained in the RPTL and were thus entitled to such review.
The Appellate Division reversed, denied the petitions and dismissed the proceedings. Stressing the importance of the administrative assessment review process, the Appellate Division held that judicial review is not available to a taxpayer who failed to provide the income and expense statement in accordance with the local law. Because the requirements for judicial review of property assessments do not include compliance with local laws governing disclosure of financial information to the assessor prior to preparation of the tentative assessment roll, we agree with Supreme Court that the statutory conditions for challenging the assessment in court have been satisfied. We therefore reverse and reinstate the petitions.
Analysis
Respondents’ primary contention is that public policy supports imposing and strictly enforcing requirements for early disclosure of financial statements to local assessors. They urge that submission of such statements prior to preparation of the tentative assessment roll — as compelled by the local law— increases the accuracy of preliminary assessments and reduces the need for administrative adjustment.
As a matter of policy, encouraging efficient and accurate tentative assessments may well be a laudable goal. Our role, *740 however, is not to determine the policy issue of how best to assure accurate assessment rolls. Our role is to determine the legal question whether a municipality, in the absence of action by the Legislature, can enforce early disclosure requirements in a manner that restricts judicial review of property assessments. We conclude that it cannot.
Our State Constitution places responsibility for providing for review of tax assessments with the Legislature (see, NY Const, art XVI, § 2). The Legislature, in the Municipal Home Rule Law, has authorized cities to adopt local laws rélating to "[t]he preparation, making, confirmation and correction of assessments of real property and the review of such assessments subject to further review by the courts as provided by law” (§ 10 [1] [ii] [c] [2] [emphasis added]). The statute thus plainly contemplates review at both the local and State levels (see, Matter of 749 Broadway Realty Corp. v Boyland, 1 AD2d 819, affd 3 NY2d 737). The Legislature, moreover, has set forth procedures and requirements for administrative review of property assessments in RPTL article 5 and for judicial review in RPTL article 7.
The Municipal Home Rule Law further specifies that local governments may not enact local laws "inconsistent with the provisions of the constitution or * * * any general law” (§ 10 [1] [ii]). Likewise, article IX of the Constitution empowers local governments to adopt laws relating to "[t]he levy, collection and administration of local taxes,” so long as those enactments are "consistent with laws enacted by the legislature” (NY Const, art IX, § 2 [c] [ii] [8]).
In 41 Kew Gardens Rd. Assocs. v Tyburski (70 NY2d 325), this Court held that a similar requirement that property owners file income and expense statements to facilitate preparation of property assessments was facially constitutional and a valid exercise of the City’s home rule power. We did not, however, address the validity of the local law’s enforcement mechanisms in Tyburski (see, 70 NY2d at 336) — the question we now confront.
Local Law No. 4 penalizes noncompliance with its filing requirement by restricting the availability of administrative correction of realty assessments. While it does not expressly bar judicial correction, the Appellate Division concluded that taxpayers who do not timely file forfeit the right to adjustment by the courts as well as by the Board. Petitioners argue that this determination renders Local Law No. 4 inconsistent with the provisions of RPTL articles 5 and 7. We agree.
*741 Under the statutory scheme, the local assessor is responsible for investigating the facts necessary to establish a proper assessment roll (see, RPTL 500). The taxpayer is notified once the tentative assessment roll is fixed and may file a complaint requesting adjustment by the Board (see, RPTL 506, 512, 524). After all complaints have been heard and determined by the Board, the final assessment roll is established by the assessor, and a taxpayer who remains dissatisfied may seek judicial review pursuant to article 7 (see, RPTL 514, 516, 526; see also, Matter of Grossman v Board of Trustees, 44 AD2d 259 [Simons, JJ).
Like Local Law No. 4, RPTL article 5 conditions a real property owner’s entitlement to reduction on disclosure of certain relevant information. RPTL 525 (2) provides that upon administrative review the Board may compel examination of persons or production of documents relevant to the assessment. A taxpayer who "willfully neglect[s] or refuse[s] to attend and be so examined, or to answer any question put to him relevant to the complaint or assessment” is not entitled to any reduction.[1]
RPTL 525 (2) differs from Local Law No. 4 in two significant respects. First, it does not deem failure to forward financial information to the assessor, prior to creation of the tentative assessment roll, a bar to obtaining a reduction. Rather, it merely requires disclosure to the Board during administrative review. Thus, by providing the Board with an income and expense statement and other relevant information upon request, petitioners satisfied the statutory requirements for reduction.
Second, RPTL 525 (2) precludes an adjustment only if failure to disclose the requisite information to the Board is willful. Courts have therefore refused to dismiss judicial challenges to *742 realty assessments absent proof that noncompliance was occasioned by a desire to frustrate administrative review (Matter of Doubleday & Co. v Board of Assessors, 202 AD2d 424, 425, lv dismissed 83 NY2d 906; Matter of State of New York v Town of Northampton, 156 AD2d 857, 858-859; Matter of Salisbury v Board of Assessors, 111 AD2d 1022, 1023). Local Law No. 4, by contrast, does not limit its scope to willful noncompliance. As a result, Local Law No. 4 prohibits reduction of a realty assessment under circumstances where RPTL 525 (2) would permit it.
Petitioners complied with the requirements for court review of assessments contained in RPTL 706 (2) as well. Under that section, a judicial proceeding must be founded upon a petition stating the manner in which the assessment is excessive, unequal or unlawful or how the realty is misclassified and will result in injury to petitioner. The petition must be verified by the petitioner, petitioner’s officer, or an authorized agent. Finally, "[s]uch petition must show that a complaint was made in due time to the proper officers to correct such assessment.”[2]
Absent from the enumerated conditions precedent to judicial review is compliance with local disclosure requirements relating to preparation of the tentative assessment roll in the first instance. Rather, RPTL 706 (2) simply requires timely protest to the appropriate reviewing authorities, which can of course only be made after the tentative or final assessment roll has been established (see, Matter of Sterling Estates v Board of Assessors, 66 NY2d 122). The petitioners here, moreover, filed timely complaints with both the Board and Supreme Court, and they satisfied the statutory requirements regarding petition contents and verification.
Consequently, to mandate that petitioners also file a preassessment income and expense statement in accordance with Local Law No. 4 in order to obtain judicial correction of their *743 final assessments — as the Appellate Division did — effectively adds a prerequisite to judicial review not contained in RPTL articles 5 or 7.
This Court has held local government efforts to supplement the statutory conditions for maintaining a court proceeding to be inconsistent with State law and, therefore, violative of the home rule provision in the State Constitution (see, e.g., F. T. B. Realty Corp. v Goodman, 300 NY 140; see also, Tartaglia v McLaughlin, 190 Misc 266, affd 273 App Div 821, revd 297 NY 419 [due to subsequent legislation]). Indeed, in Matter of 749 Broadway Realty Corp. v Boyland (1 Misc 2d 575, affd 1 AD2d 819, affd 3 NY2d 737, supra), we affirmed a determination by the courts below that New York City could not make an identical filing requirement an express condition to court review of realty assessments. To require dismissal of RPTL article 7 proceedings upon breach of Local Law No. 4 would thus improperly allow the City of Mount Vernon to accomplish implicitly what it could not do explicitly.
We therefore conclude that petitioners — who have met the statutory requirements of RPTL articles 5 and 7 — can obtain judicial review of their realty assessments notwithstanding their breach of Local Law No. 4. To hold otherwise would impose preconditions to review that are inconsistent with the RPTL and, thus, violate the Municipal Home Rule Law and article IX of the State Constitution (see, Municipal Home Rule Law § 10 [1] [ii]; § 10 [1] [ii] [c] [2]; NY Const, art IX, § 2 [c] [ii] [8]).
We note that this conclusion is not contrary to Matter of Sterling Estates v Board of Assessors (66 NY2d 122, supra). In Sterling Estates, we held that a taxpayer who failed to register a timely protest as required by State law was not entitled to judicial review. In doing so, we emphasized the importance of administrative review to establishment of an accurate final assessment roll (see, 66 NY2d at 124-126; see also, Young Men’s Christian Assn. v Rochester Pure Waters Dist., 37 NY2d 371 [discussing the doctrine of exhaustion of administrative remedies]). Here, petitioners’ administrative and judicial complaints were denied merely because they failed to submit income and expense information to the local assessor — prior to commencement of the administrative review process — as required by municipal law. Importantly, "the Legislature has imposed detailed requirements on the assessors to conduct an orderly assessment process and specific conditions on the procedure by which aggrieved taxpayers obtain administrative and judicial relief’ *744 (Matter of Sterling Estates v Board of Assessors, 66 NY2d at 125). Unlike the taxpayer in Sterling Estates, petitioners followed the requisite procedures for seeking administrative and judicial review and fully participated in the assessment review process.
Accordingly, the orders of the Appellate Division should be reversed, with costs, and the orders of Supreme Court, Westchester County, reinstated.
Judges Titone, Bellacosa, Smith, Levine, Ciparick and Wesley concur.
In each case: Order reversed, etc.

. RPTL 525 (2) provided, in relevant part: "On the date required by law, the board of assessment review shall meet to hear complaints in relation to assessments. At such meeting, the board of assessment review may administer oaths, take testimony and hear proofs in regard to any complaint and the assessment to which it relates. If not satisfied that such assessment is excessive, unequal or unlawful, or that real property is misclassified, the board may require the person whose real property is assessed, or his agent or representative, or any other person, to appear before the board and be examined concerning such complaint, and to produce any papers relating to such assessment. If the person whose real property is assessed, or his agent or representative, shall willfully neglect or refuse to attend and be so examined, or to answer any question put to him relevant to the complaint or assessment, such person shall not be entitled to any reduction of the assessment subject to the complaint.”

. RPTL 706 (2) states in full: "A proceeding to review an assessment shall be founded upon a petition setting forth the respect in which the assessment is excessive, unequal or unlawful, or the respect in which real property is misclassified and stating that the petitioner is or will be injured thereby. Such petition shall be duly verified by the petitioner, an officer thereof, or by an agent thereof who has been authorized in writing to verify and file such petition and whose authorization is made a part of such petition. Such petition must show that a complaint was made in due time to the proper officers to correct such assessment. Two or more persons having real property assessed upon the same roll who assert the same grounds for review presenting a common question of law or fact, may unite in the same petition.”