Jonathan J. Miller, Esq. Informal Opinion Franklin County Attorney No. 2002-21 Court House Malone, New York 12953
Dear Mr. Miller:
You have inquired whether the elected county treasurer may also be appointed as the sole assessor of a township within the same county. Your concern is that a conflict may arise when the same person who assesses the value of properties acts as the collection agent for taxes levied against the same property. We conclude that the two positions are incompatible.
You have also inquired whether the elected county treasurer can be elected as a school board member for a school district within the same county. Your concern is that a conflict may exist when a person who serves on a school board, which is responsible for determining the tax rate on real property within the school district, also acts as collection agent for the taxes. We conclude that these two positions are compatible.
Your final inquiry is whether an elected school board member may also be appointed as sole assessor of a town within the same school district. As we discussed with you in a telephone conversation to clarify your request, we will not address this question since it does not involve a position within the municipality you represent. For your information, we refer you to Op. Atty. Gen. (Inf.) No. 2000-14 (positions of appointed town assessor and school board member are compatible).
Background
You have indicated that the county treasurer is an elected position. We understand the county treasurer's role as you have described it to be as follows: The treasurer is ultimately responsible for collecting and enforcing the collection of local taxes within the county. If a taxpayer fails to pay his town or school tax bill, the county treasurer pays the town or school district that unpaid amount. That amount will then be re-levied by the county on the next county tax bill for collection by the county treasurer.
Initially, we note that the codes of ethics promulgated by Franklin County and the involved town and school district pursuant to General Municipal Law § 806 may include provisions that would apply to the situations you described, and they should be consulted.
In the absence of a constitutional or statutory prohibition against dual office-holding, one person may hold two offices simultaneously unless they are incompatible. Two offices are incompatible if one is subordinate to the other or there is an inherent inconsistency between the two offices. See O'Malley v.Macejka, 44 N.Y.2d 530, 535 (1978); People ex rel. Ryan v. Green,58 N.Y. 295, 304-05 (1874); Matter of Dupras v. County of Clinton,213 A.D.2d 952, 953 (3d Dep't 1995). Although in other contexts the differences between a public office and position of employment may be significant, the common law rules regarding dual office-holding apply equally to an office, which generally involves the exercise of sovereign authority and discretion,[1] and a position of employment. See Matter ofDupras v. County of Clinton, 213 A.D.2d at 953.
Even where positions are compatible, in specific situations a conflict of interests may arise out of the simultaneous holding of the positions. The conflict can be avoided by declining to participate in the disposition of the particular matter. See,e.g., O'Malley v. Macejka, 44 N.Y.2d 530, 533 (1978); Op. Atty. Gen. (Inf.) No. 83-25.
County Treasurer and Town Assessor
Regarding your first question, you brought to our attention the possibility of incompatibility between the positions of county treasurer and town assessor when, as county treasurer, the individual may be responsible for collecting taxes on property he assessed as town assessor. You informed us that the town has only one assessor; thus, all unpaid town taxes the county treasurer would collect would be on property he had assessed.
County Law § 411, which prohibits, in relevant part, an elected county officer from holding any other elective county or town office, does not apply here because the town assessor is appointed.[2] Town Law § 20(4), prohibiting a person from holding more than one elective town office, also does not apply.
Although you expressed concern that the role of the county treasurer as collector of unpaid town taxes could be the source of incompatibility between that position and town assessor, we find another duty of the county treasurer — the duty to serve as a member of an acting Board of Assessment Review — to be determinative.[3]
In the event that a property owner disagrees with the town assessor's determination of the assessed value or the exempt status of the owner's property, the town Board of Assessment Review ("Board") reviews the assessment. Real Prop. Tax Law §525. The assessor may be heard on the property owner's complaint.Id. The Board then determines the assessment or the designation of the real property. Id. Neither the assessor nor any member of the assessor's staff may be appointed to the Board. Real Prop. Tax Law § 523(1)(b). The legislative history of this provision indicates that it was added to the Real Property Tax Law to require independent assessment review rather than review by the same person who made the assessment, as had frequently previously occurred. Mem. of State Exec. Dep't, 1970 McKinney's Session Laws of N.Y., at 3021, 3022.[4]
If the town Board of Assessment Review fails to meet to hear complaints relating to assessments when scheduled by law to do so, the county treasurer and the chairman and the clerk of the county legislative body serve as the acting Board of Assessment Review.[5] Real Prop. Tax Law § 527(1). The acting Board has the same powers and duties in determining complaints regarding assessments as the town Board of Assessment Review. Real Prop. Tax Law § 527(6). Therefore, in the event the town Board of Assessment Review fails to meet, the county treasurer will review assessments. The county treasurer, if also serving as the sole assessor of the town, would thus be in the position of reviewing assessments that he had made in his capacity of assessor. This would frustrate the purpose of the provision prohibiting the town assessor from serving on the Board of Assessment Review, and the county treasurer's review of town assessments under these circumstances would therefore be improper.
Of course, that the Board of Assessment Review will be unable to meet and thus the county treasurer will be needed to serve on an acting Board is not a situation guaranteed to arise. The "mere possibility" that a conflict between two positions will arise is insufficient to constitute a bar to a single person's holding those positions. See, e.g., O'Malley v. Macejka, 44 N.Y.2d 530,533 (1978); 1980 Op. Atty. Gen. (Inf.) 114. In the proposed situation, however, we believe that the likelihood of a conflict is far greater than a mere possibility. See supra note 5. Furthermore, if the Board of Assessment Review fails to meet, the county treasurer does not have the option of not participating in reviewing just those assessments made by him, because every assessment will have been made by him. See Op. Atty. Gen. (Inf.) No. 83-25 (when non-participation in possible conflict-of-interest situations is feasible, no reason to infer incompatibility). Even if we assume that the acting Board needs only a quorum to convene,see Real Prop. Tax Law § 523(2)(c), we believe that the county treasurer should avoid behaving in a manner that would disqualify him from serving at all on an acting Board of Assessment Review. Thus we conclude that the duties of the positions of county treasurer and sole appointed town assessor are inherently inconsistent, rendering them incompatible.
You have indicated that in your rural community, few individuals have the interest or credentials to hold the position of town assessor. We have in the past determined that a municipality may by local law overcome the common law doctrine of incompatibility under appropriate circumstances. See, e.g., Op. Atty. Gen. (Inf.) No. 87-47; Op. Atty. Gen. (Inf.) No. 83-52. In our opinion, however, in the instant situation, the county may not enact such a local law.
Sections 523 and 527 are both part of Title 1-A of Article 5 of the Real Property Tax Law. By the terms of Title 1-A, a municipality subject to it, including all counties except counties wholly within a city, may not adopt a charter or local law inconsistent with it. Real Prop. Tax Law § 528(1), (3).
A county's powers under municipal home rule do not include authority to adopt such a local law. While a municipality has broad power to enact local laws, such power is not unlimited; one limitation is that a municipality may not enact a local law that is inconsistent with the State Constitution or any general law. N.Y. Const., Art. IX, § 2(c); Mun. Home Rule Law § 10(i), (ii). A "general law" is defined for home rule purposes as a state statute that in terms and in effect applies alike to all counties, all counties other than those wholly included within a city, all cities, all towns or all villages. N.Y. Const., Art. IX, §3(d)(1); Mun. Home Rule Law § 2(5).
As we discussed above, section 528(3) of the Real Property Tax Law states in relevant part that Title 1-A of Article 5 of the Real Property Tax Law applies to all counties except those counties wholly within a city. Thus, by its express terms, Title 1-A is a general law as it applies to counties. That Title 1-A is a general law for home rule purposes is supported by Matter ofFifth Avenue Office Center v. City of Mount Vernon, 89 N.Y.2d 735
(1997). In Fifth Avenue, the Court of Appeals held that a municipality, in the absence of state legislation, cannot enforce disclosure requirements imposed by local law that would have the effect of preventing judicial review of property assessments. In so deciding, the Court recognized the prohibition on local governments from enacting laws that are inconsistent with the provisions of the Constitution or any general law. Id. at 740. The Court then determined that to hold that the local law was enforceable would impose preconditions to review inconsistent with the Real Property Tax Law, and thus violate the Municipal Home Rule Law and article IX of the State Constitution. Id. at 743. Implicit in this determination was the finding that Article 5 of the Real Property Tax Law was a general law for home rule purposes.
Therefore, we conclude that the county may not enact an inconsistent local law such as one that would permit someone other than the county treasurer to serve on an acting Board of Assessment Review and thereby eliminate the circumstance that creates the incompatibility between that position and town assessor.
County Treasurer and School Board Member
Regarding your second question, we conclude that the positions of county treasurer and school board member for a school district within the county are compatible. This office has previously determined that these positions are compatible. See
1939 Op. Atty. Gen. (Inf.) 134. Given the time that has passed since that opinion was issued and the specific nature of your concern, however, we believe that consideration of the compatibility of these positions is warranted.
We are not aware of any statutory provisions prohibiting an individual from simultaneously holding these two positions. While County Law § 411 prohibits an elective county official from holding any other elective county or town office, this section does not apply because the position of school board member is neither a county nor a town office. Sections 2103 and 2112(3) of the Education Law, which impose restrictions on certain dual office-holding by school board members, do not prohibit a board member from additionally holding the office of county treasurer.
Your concern regarding the possible incompatibility between these positions involves the relationship between the school district board member, who is part of the levying unit imposing school taxes, and the county treasurer, who collects and enforces the collection of taxes levied by the school district.
In a phone call to clarify your letter, you indicated that the school district in question is a central school district. The school board is responsible for creating a school budget, which then is subject to approval by the voters within the district. Educ. Law §§ 1716, 1804, 2022. Upon approval, the school district levies the amount of funds necessary to meet the budget requirements against the real property owners within the school district. Real Prop. Tax Law § 1306(1). The school district, which is not an assessment unit, uses the assessment roll of the municipality within which it lies, Real Prop. Tax Law §§ 102(1) and 1302; thus, no conflict in responsibilities such as we found for town assessor and county treasurer occurs.
Any taxes not collected by the school district collecting officer are noted in a statement sworn by the collecting officer and verified by the school district board members. Real Prop. Tax Law § 1330(1), (2). The statement is then forwarded to the county treasurer. Real Prop. Tax Law § 1330(2). The county treasurer pays to the fiscal officer of the school district the amount of unpaid school taxes. Real Prop. Tax Law § 1330(4). Thus, the function of collecting taxes has no effect upon the amount of tax revenues to be received by the school. The amount of unpaid taxes is subsequently re-levied by the county for collection in the manner prescribed for collection of county taxes. Real Prop. Tax Law § 1330(5), (7). In the absence of local law providing otherwise, the county treasurer is the county officer authorized to enforce the collection of tax liens on real property. Real Prop. Tax Law § 1102(3). You have indicated that the county treasurer is the enforcing officer for Franklin County.
In our view, the only conflict possibly existing between the duties of a school board member as part of the body levying taxes and the county treasurer as collector and enforcing officer of taxes not paid to the school district arises from the school board's duty to verify the local collecting officer's statement of unpaid taxes, which subsequently is sent to the county treasurer and is the basis for the taxes to be re-levied by the county. We do not believe that this creates a conflict between the positions.See O'Malley v. Macejka, 44 N.Y.2d 530, 535 (1978) (positions of town assessor and county legislator compatible although assessor certifies valuations placed on real property which serve as base for taxes county legislature levies). To avoid even the appearance of impropriety, however, we recommend that a school board member who is also the county treasurer recuse himself from this duty. After reviewing the duties of the two positions in relation to the levy and collection of school district taxes, we are aware of no other source of possible conflict. Furthermore, we are unaware of any other powers or duties of either position that would result in an incompatibility.[6] We are thus of the opinion that these positions are compatible.
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
KATHRYN SHEINGOLD, Assistant Solicitor General
In Charge of Opinions
[1] See, e.g., Haller v. Carlson,, 42 A.D.2d 829, 829 (4th Dep't 1973) (distinguishing public officer and public employee for purposes of Public Officers Law); Op. Atty. Gen. No. 97-F7 (same).
[2] Although vacant elective offices may be filled by appointment pending election, see, e.g., Town Law § 64(5), both you and the town clerk have confirmed that the position of town assessor is always an appointive position.
[3] The analysis of the incompatibility of these positions in this opinion is thus limited to these duties; we do not address the question of whether any other duties or responsibilities of the positions make these positions incompatible.
[4] This Memorandum was in support of chapter 957 of the Laws of 1970, which created section 1524 of the Real Property Tax Law; section 1524 was subsequently recodified as section523 of the Real Property Tax Law. L. 1982, ch. 714, § 9.
[5] If a quorum of the Board of Assessment Review is not present at a meeting because members of the Board have not completed the requisite training, the acting board of review is to hear complaints and determine assessments. Real Prop. Tax Law §523(2)(c). In a statement in support of a bill reorganizing Real Property Tax Law § 523, the State Board of Equalization and Assessment (now the Board of Real Property Services) explained that due to these rigorous training requirements and the possible consequent failure of a board of assessment review to convene a quorum, "it seems likely that acting boards of assessment review will be needed more often in the future than in the past." Mem. of State Bd. of Equal. Assess., McKinney's Session Laws of 1987, at 2387.
[6] We note that the county is authorized by Article 29 of the Tax Law to impose a sales tax and to allocate a portion of the net collections thereof for educational purposes. Tax L. §§ 1210, 1262(a). If the county has so elected, and if the county treasurer is the officer designated to account for the collection of the tax and to verify the tax's proper distribution to the school districts within the county, we recommend that, to avoid any appearance of impropriety, the school board member who is also the county treasurer recuse himself from any matters relating to the receipt of such funds upon which the school board votes.