OPINION OF THE COURT
John R. LaCava, J.
In this tax certiorari matter, respondent (Town) seeks an order dismissing the petition by petitioner Atlantis Group, LLC, for the latter’s alleged failure to comply with its discovery obligations in a timely manner.
Atlantis is the owner in fee of certain property amounting to 10,150 square feet located within the Town, and designated on the Town’s tax map as section 109, block 1, lot 24.32. Upon the determination by the Town of the tentative assessed value of the said parcel for the tax year 2008, as per RPTL article 5, said assessments were published, and subsequently the subject of a challenge by Atlantis before the Town Board of Assessment Review (BAR) which challenge was timely filed on May 21, 2008.
Shortly thereafter, on May 27, 2008, Atlantis, through counsel, received a letter from the BAR requiring certain documents, including:
“A copy of the bank appraisal or current appraisal completed by a qualified appraiser;
“any documentary evidence possessed by Atlantis which supported a reduction in the assessment; “documentary evidence regarding any improvements made within the previous five years;
“a copy of any realtor’s listing, if the property had been listed within the previous five years;
“copies of all management contracts and current leases for the subject property.”
A personal appearance by Atlantis before the BAR was also demanded, for a meeting of the BAR which was to occur on June 10, 2008; this demand was signified by a large “X” contained in a box in the left margin of the letter, which was immediately adjacent to a paragraph which stated
“If the box to the left is checked, the owner of the property or his/her designated agent with personal knowledge of the facts of this application and property must be present at this adjourned hearing to testify as to the basis for the complaint. If the box is *873 not checked, attendance at the adjourned hearing is not required provided that the requested documents are filed with the Grievance Board by that time.”
The letter also contained two concluding paragraphs, which read as follows:
“Please be advised that in the event you fail to submit the information requested, no consideration will be given to your application. . . .
“Please be further advised that Subdivision 2 (a) of Section 525 of the Real Property Tax Law provides that if the applicant or authorized agent ‘shall willfully neglect or refuse to attend and be so examined, or to answer any question put to him or her relevant to the complaint or assessment, such person shall not be entitled to any reduction of the assessment subject to the complaint.’ You are hereby advised that if you fail to provide the requested information within the time specified, the Board will find that you have willfully failed to comply with its request and you will not be entitled to any reduction in the assessment.”
On June 9, 2008, Atlantis, again through counsel, caused to be delivered to the BAR some of the requested information, or an explanation of the lack of existence of the information not provided. The letter further stated
“Our office intends to fully cooperate with the Board of Review in allowing the Board to accurately review the assessment for these properties. If the Board requires any additional information concerning these properties, please contact us and we will make every attempt to supply the information to the Board as soon as possible.”
Neither Atlantis, nor its counsel, appeared at the June 10, 2008 hearing, and, on or about June 10, 2008, the BAR caused to be sent to counsel a letter informing Atlantis that its tentative assessed value had not been reduced. The sole reason set forth for the determination dismissing the challenge was
“Your complaint has been dismissed because of your (or your representative’s) willful neglect or refusal to attend this board’s hearing or to be examined concerning your complaint or to answer questions relevant to the complaint. Where the court finds that a dismissal is warranted, no assessment reduction can be granted.”
*874 Atlantis subsequently filed the instant RPTL article 7 action challenging the assessment. Respondent Town now moves for dismissal of the petition, asserting that petitioner failed to provide the demanded discovery pursuant to RPTL 525, by failing to appear as directed for the June 10, 2008 hearing, and thus for failure of petitioner to exhaust its administrative remedies. In particular, the Town argues that it properly requested information, testimony, which demand Atlantis willfully refused by failing to appear.
Atlantis opposes the motion, arguing that respondent has the burden of establishing that the petitioner’s actions were taken solely in an effort to frustrate the BAR’s review of the complaint; and that Atlantis did not willfully fail to provide disclosure (its testimony) to the Town, but rather did so solely out of “law office failure,” the failure of counsel to properly read and understand that the May 27, 2008 letter from the BAR to petitioner sought not only documentary compliance but an appearance at the June 10, 2008 hearing.
Failure to Appear at the Hearing RPTL 525 provides
“2. (a) On the date required by law, the board of assessment review shall meet to hear complaints in relation to assessments. At such hearing, the board of assessment review may administer oaths, take testimony and hear proofs in regard to any complaint and the assessment to which it relates. If not satisfied that such assessment is excessive, unequal or unlawful, or that real property is misclassified, the board may require the person whose real property is assessed, or his or her agent or representative, or any other person, to appear before the board and be examined concerning such complaint, and to produce any papers relating to such assessment. If the person whose real property is assessed, or his or her agent or representative, shall willfully neglect or refuse to attend and be so examined, or to answer any question put to him or her relevant to the complaint or assessment, such person shall not be entitled to any reduction of the assessment subject to the complaint. Minutes of the examination of every person examined upon the hearing of any complaint shall be taken and filed in the office of the city or town clerk. The assessor shall have *875 the right to be heard on any complaint and upon his or her request his or her remarks with respect to any complaint shall be recorded in the minutes of the board . . . Such remarks may be made only in open and public session of the board of assessment review.”
As Atlantis properly notes, “Courts have . . . refused to dismiss judicial challenges to realty assessments absent proof that noncompliance was occasioned by a desire to frustrate administrative review.” (State of N.Y. Off. of Real Prop. Servs. v Town of Haverstraw [Sup Ct, Rockland County, Apr. 11, 2008, LaCava, J.]; see also Matter of Chester Mall Partners v Village of Chester, 239 AD2d 414 [2d Dept 1997]; Matter of Fifth Ave. Off. Ctr. Co. v City of Mount Vernon, 89 NY2d 735 [1997]; Matter of Doubleday & Co. v Board of Assessors of Vil. of Garden City, 202 AD2d 424, 425 [2d Dept 1994].) In Doubleday, the Court properly noted that, while a willful failure to appear before the Board on a complaint, or to submit information thereon, might be cause for dismissal of a subsequent action relating to that claim, two factors strongly supporting a finding of a lack of willfulness on the part of a petitioner were a failure by the Board itself to find willfulness, and/or that the petitioner/claimant failed to appear for a particular reason — i.e., due to the imminency of judicial proceedings on the complaint in that matter.
Similarly, in Matter of Lynch v Board of Assessors of Town of Riverhead (227 AD2d 486, 487 [2d Dept 1996]), the Court held that the failure to produce documents demanded by the Board would not be held to justify dismissal of the petition, absent not only a finding of willfulness by the Board, but also evidence in the record to support such a finding, noting “[i]n order to foreclose future judicial review of the assessment, the board’s determination that the applicant’s failure to cooperate was willful must be supported by evidence in the record” (citing, inter alia, Doubleday, supra; see also Matter of Sarsfield v Board of Assessors of Town of Islip, 240 AD2d 506 [2d Dept 1997], appeal dismissed 90 NY2d 1007 [1997]).
Here, while the Court notes that Atlantis did not, in fact, appear at the hearing, they did submit, immediately before the hearing, a considerable amount of information and documents sought by the Town, which submission, it is also noted, has never been asserted by the Town to constitute a lack of compliance by Atlantis with the BAR’S letter-directive requiring the *876 submission. Atlantis’ letter of submission also pledged to cooperate with any additional requests which the BAR might in the future make. Further, the Board, while it warned twice that a failure to provide the requested information might lead to a finding of willfulness, merely cited to RPTL 525 (2) (a) on the consequences of the petitioner’s failure to appear for the hearing.
The Court also notes, as it did in State of N.Y. Off. of Real Prop. Servs. v Town of Haverstraw (supra), that it is entirely unclear, and indeed unlikely, that a Board of Assessment Review may properly demand documents (or, indeed, testimony) without or prior to affording the petitioner a hearing, as the Board in that and the instant matter did, particularly under the threat of denial of the challenge to the assessment. RPTL 525 (2) appears to contemplate initially the conduct of a hearing as to the propriety of an assessment, and then, at or following that hearing, a request by the BAR for information or testimony from the petitioner. While the procedure followed by the Board in the instant matter — a demand for documents and an appearance in advance of the hearing — was upheld in Matter of Lynch v Board of Assessors of Town of Riverhead (163 Misc 2d 703 [Sup Ct, Suffolk County 1994]), that decision was reversed on appeal in Matter of Lynch v Board of Assessors of Town of Riverhead (227 AD2d 486 [1996]). Consequently, there appears to be no support in the statute, and case law to the contrary, for the Town’s threat to decline to consider a petitioner’s challenge, and to find willful failure to comply, absent submission of information prior to, and/or appearance at, a hearing on the complaint.
To be sure, the BAR did explicitly find willfulness on the part of Atlantis, for the latter’s failure to appear, but the cause, if any, for the finding by the BAR of willful neglect or refusal to appear by Atlantis is not disclosed in the notice of determination. Indeed, it does not appear now, based on the moving papers, nor in the past, based on the absence of such support in the BAR decision, that the Town contests petitioner’s assertion that the failure to appear was anything but inadvertent, based on the misreading by counsel of the May 27, 2008 letter. Therefore, it appears that the mere failure of petitioner to appear on the hearing date was deemed by the BAR to be willful failure or refusal to attend. Put another way, there is simply no evidence in the record, other than the simple, and now explained, failure of petitioner to appear at the hearing, of Atlantis’ intent to frustrate the review process by the BAR (see *877 Doubleday, supra). Absent such evidence, this court simply cannot find that Atlantis’ failure to appear was willful.
Conclusion
Respondent has moved for dismissal of petitioner’s petition, pursuant to RPTL 525, for the asserted failure of petitioner to comply with its discovery obligations before the Town BAR. The court finds that petitioner complied with respect to providing all information and documents sought by the BAR, whether authorized by statute or not, and simply, due to law office failure, failed to attend the ordered hearing on the complaint. Such failure was not designed to obstruct or interfere with the lawful process of review by the Town, and thus, absent proof by respondent of willfulness on the part of petitioner, dismissal of the petition is not appropriate.
It is hereby ordered that the motion by respondent for an order dismissing petitioner’s petition for failure to provide discovery in a timely manner is denied in all respects.