In the Matter of WARRENSBURG COMMONS LPT, Respondent, v TOWN ASSESSOR OF TOWN OF WARRENSBURG et al., Appellants. (And Two Other Related Proceedings.) [893 NYS2d 381]—

Lahtinen, J.

Petitioner is the owner of a 24-unit apartment complex in the Town of Warrensburg, Warren County. The apartment complex is reportedly operated under a management plan prepared in accordance with the guidelines of the Rural Development Office of the United States Department of Agriculture and it provides for giving priority to low income individuals. Although respondent Town Assessor initially placed the total value of the property at $689,000 in 2006, the Town Assessor stipulated after meeting with petitioner's manager to a total value of $250,000. However, respondent Board of Assessment Review rejected the stipulation without providing an explanation. Petitioner then filed the first of these three tax certiorari petitions alleging, among other things, that the assessment failed to consider the

low income rent restrictions on the property. Similarly, in 2007 and 2008, the Town assessed the property at $689,000 and each year petitioner contended that a proper value was $250,000. Petitioner asserted that the assessments did not comply with RPTL 581-a, which provides that the value of certain qualified low income housing "shall be determined using the income approach as applied to the actual net operating income."

Respondents moved for summary judgment dismissing the petitions. Respondents stated that petitioner had not complied with a regulation of the Division of Housing and Community Renewal that directs owners of low income housing to annually provide the local assessor with income documentation prior to the taxable status date (*see* 9 NYCRR 2656.3), and they argued that the failure to comply with such regulation precluded the use of RPTL 581-a. Supreme Court denied the motion. Respondents appeal.

RPTL 581-a was enacted in 2005 (*see* L 2005, ch 714, § 1) to address a perceived disadvantage to owners of affordable housing units arising from the fact that some communities assessed the value of such units based on market rents rather than the restricted rents actually received (*see* Senate Mem in Support, 2005 McKinney's Session Laws of NY, at 2530; *see generally* Bill Jacket, L 2005, ch 714). The valuing of subsidized housing had been an ongoing problem in which different approaches, with concomitant varying values, had been employed, and the desirability of eliminating uncertainty and ensuring uniform treatment was recognized (*see* Mem of Off of Real Prop Servs, Bill Jacket, L 2005, ch 714 [memorandum and documents attached thereto]). With an underlying goal of encouraging developers to build affordable housing, the Legislature opted to require value to be determined using the actual net operating income (*see* RPTL 581-a; Senate Mem in Support, 2005 McKinney's Session Laws of NY, at 2530). The statute applied to taxable status dates after January 1, 2006 (*see* L 2005, ch 714, § 2). Subsequently, regulations were promulgated that directed owners of affordable housing to submit pertinent income documentation annually to the local assessor prior to the taxable status date (*see* 9 NYCRR 2656.3; *see also* 9 NYCRR 2656.2 [c] [defining income documentation]).

The taxable status date applicable here is March 1 of each year (*see* RPTL 302 [1]), and it is undisputed that petitioner failed to supply the pertinent income documentation to the Town Assessor by such date as to each year being challenged. Initially, we note that, as to the 2006 assessment, the regulation was not in effect until April 17, 2006, which was after the March

1, 2006 taxable status date. Hence, the regulation is clearly inapplicable to the proceeding challenging the 2006 assessment.

As for the petitions challenging the 2007 and 2008 assessments, the regulation does not provide that the failure to strictly comply with the time limit set forth therein precludes RPTL 581-a as a means of valuation.* More importantly, the statute makes no provision for the loss of RPTL 581-a as a valuation method if income documentation is not provided by March 1 of each year (*cf. Kahal Bnei Emunim & Talmud Torah Bnei Simon Israel v Town of Fallsburg*, 78 NY2d 194, 201-204 [1991]). The Legislature has provided provisions in other parts of the RPTL whereby a property owner forfeits or does not obtain a right because of failure to act within a certain time frame (*see e.g.* RPTL 425, 525 [2] [a]; 718 [2] [d]). In the absence of such a provision in this statute, we decline to create one by inference.

We find unavailing respondents' contention that the regulation will be rendered meaningless if a forfeiture provision is not judicially inferred. When a landowner fails to file the income documentation, an assessor can assume the property no longer qualifies for RPTL 581-a valuation and use another method of valuation, which undoubtedly will result in a higher value (and higher tax). The landowner must then expend the time and, in some situations, incur the legal expense to promptly challenge the new assessment within the narrow time frame provided for such a challenge. The obvious desirability of avoiding such unnecessary expenditure of time and resources will serve as ample incentive for most prudent owners to comply with the regulation. To the extent that municipalities believe a more stringent penalty should be imposed, their remedy rests with persuading the Legislature to amend RPTL 581-a accordingly.

Peters, J.P., Rose, Kavanagh and Garry, JJ., concur. Ordered that the judgment is affirmed, without costs.

---

* Since no such provision is imposed in the regulation, we need not decide whether such a provision could be lawfully promulgated (*cf. Matter of Fifth Ave. Off. Ctr. Co. v City of Mount Vernon*, 89 NY2d 735 [1997]).