In the Matter of ARCHSTONE COMMUNITIES TRUST, Respondent, v BOARD OF ASSESSORS AND/OR ASSESSOR OF COUNTY OF NASSAU et al., Appellants. [912 NYS2d 90]—

In a proceeding pursuant to RPTL article 7 to review the tax assessment of the petitioner's real property for the tax year 2008/2009, the Board of Assessors and/or Assessor of County of Nassau and the Nassau County Assessment Review Commission, formerly known as the Board of Assessment Review, appeal from an order of the Supreme Court, Nassau County (Bucaria, J.), dated March 17, 2009, which denied their motion to dismiss the proceeding for the petitioner's alleged willful failure to provide information under RPTL 523-b.

Ordered that the order is affirmed, with costs.

The petitioner, Archstone Communities Trust (hereinafter Archstone), is the owner of a parcel of real property which was, for the 2008/2009 tax year, assessed as having a full market value of $63,248,020. Upon assessment, Archstone filed a correction application, asserting that the full market value should be reduced to $1,517,950. While no explanation was initially provided for this significant reduction, it was later revealed that the property, a nearly brand new 400-unit luxury apartment complex, suffered from structural defects which had resulted in extensive water damage and mold contamination.

At the request of the Nassau County Assessment Review Commission, formerly known as the Board of Assessment Review (hereinafter ARC), Archstone submitted certain documents relevant to the reduction request and appeared at a hearing to answer ARC's questions. Archstone contended that the damage was so severe that all residents had to be evicted from the

complex and maintained that an accurate estimate of the remediation costs would not be available until the complex was empty and the walls could be taken down. Archstone also insisted that certain information regarding the nature and extent of the damage could not be revealed in light of numerous other pending litigations resulting from the contamination problems.

Although Archstone asserted that it was doing everything in its power to cooperate with the review process, ARC contended that Archstone had repeatedly failed to provide the documentation needed to issue a proper tax assessment, and determined that Archstone's failure to respond was willful and was intended to frustrate the administrative process. ARC therefore dismissed the correction application without a determination on the merits. Archstone then filed the instant petition for judicial review and the respondents moved to dismiss the proceeding for Archstone's alleged willful failure to provide information under RPTL 523-b. The Supreme Court denied the motion, and we affirm.

At the administrative level, the assessors may require an applicant for a reduction in real property tax assessment to appear for an examination or to otherwise submit evidence of value (*see* RPTL 525 [2]; *Matter of Fifth Ave. Off. Ctr. Co. v City of Mount Vernon*, 89 NY2d 735, 741 [1997]; *Matter of Sterling Estates v Board of Assessors of County of Nassau*, 66 NY2d 122, 125 [1985]). An applicant who "willfully neglect[s] or refuse[s] to attend and be so examined, or to answer any question put to him relevant to the complaint or assessment" is not entitled to any reduction (RPTL 525 [2] [a]; *see Matter of Fifth Ave. Off. Ctr. Co. v City of Mount Vernon*, 89 NY2d at 741; RPTL 523-b [7] [a]). In cases such as this, where the sole ground raised for the dismissal of the proceedings is the alleged willful failure to submit information, "judicial review is limited to ascertaining whether there is support in the record for dismissal on that ground" (*Matter of Doubleday & Co. v Board of Assessors of Vil. of Garden City*, 202 AD2d 424, 425 [1994]).

We agree with the Supreme Court that, on this record, there is no evidence that Archstone's failure to submit information was willful. Archstone provided a significant amount of the documentation requested, as well as a summary of the remedial actions taken and initial estimates of the damages. The failure to submit additional information can be explained by reasonable concerns over the imminency of the numerous other judicial proceedings stemming from the damage, including proceedings involving the ARC, rather than by a desire to frustrate the

search for an accurate assessment (*see Matter of Curtis/Palmer Hydroelectric Co. v Town of Corinth*, 306 AD2d 794, 796 [2003]; *Matter of Chester Mall Partners v Village of Chester*, 239 AD2d 414 [1997]; *Matter of Lynch v Board of Assessors of Town of Riverhead*, 227 AD2d 486 [1996]; *Matter of Doubleday & Co. v Board of Assessors of Vil. of Garden City*, 202 AD2d 424 [1994]). Accordingly, the Supreme Court did not improvidently exercise its discretion in denying the motion to dismiss the proceeding. Rivera, J.P., Covello, Leventhal and Lott, JJ., concur.